599 So.2d 1092 (1991)
Maudra Lee Dangerfield, Wife of/and Blanch DANGERFIELD, Jr.
v.
Victor M. SOTO, Jr., et al.
No. 91-C-1291.
Court of Appeal of Louisiana, Fourth Circuit.
July 30, 1991.
*1093 Brad G. Theard, Young, Richaud, Theard & Myers, New Orleans, for relator.
J. Paul Demarest, Favret, Favret, Demarest & Russo, New Orleans, for respondents.
BYRNES, ARMSTRONG and BECKER, JJ.
BYRNES, Judge.
We grant certiorari on the application of Louisiana Insurance Guaranty Association (LIGA) to determine whether the trial court erred in denying LIGA's peremptory exception of no cause of action. In this personal injury suit arising from an automobile accident, LIGA was named defendant in place of Dixie Lloyds Insurance Company (Dixie Lloyds), plaintiffs' uninsured motorist insurer, that was put in liquidation by court order.
LIGA argues that plaintiffs' settlement with defendants, Victor M. Soto and his insurer, Government Employees Insurance Company (GEICO), for $25,000 exceeded the amount of Dixie Lloyds policy and therefore, plaintiffs have no cause of action against LIGA pursuant to LSA-R.S. 22:1386.
Louisiana R.S. 22:1386, effective September 7, 1990, provides in part:
A. Any person having a claim against an insurer under any provision in an insurance policy other than a policy of an insolvent insurer which is also a covered claim, shall be required first to exhaust his rights under such policy. Such other policies of insurance shall include but shall not be limited to liability coverage, uninsured or underinsured motorist liability coverage, or both, hospitalization, and other medical expense coverage. Any amounts payable by such other insurance shall act as a dollar-for-dollar credit against any liability of the association under this Part.
Prior to the 1990 amendment, the statute stated:
Any person having a claim against an insurer under any provision in an insurance policy other than a policy of an insolvent insurer which is also a covered claim, shall be required to exhaust first his rights under such policy. Any amount payable on the covered claim under this part shall be reduced by the *1094 amount of any recovery under such insurance policy.
LIGA asserts that the 1990 version applies because Dixie Lloyds became insolvent after the amended statute went into effect even though the accident occurred and the claim against Dixie Lloyds was made prior to the effective date of the amendment. LIGA refers to the "nonduplication of recovery section" of the 1990 amended version, claiming that statute applies because LIGA had no exposure until Dixie Lloyds was declared insolvent. LIGA further contends that the amendment was interpretive of the prior provision and applies retroactively. However, under La.C.C. Art. 6, substantive laws apply prospectively only "if the statute creates an obligation, it is considered substantive and is applied prospectively only.... On the other hand, if the statute relates to the form of the proceeding or the operation of the laws, it is procedural, remedial, or curative and can be applied retrospectively, unless the retroactive application would operate to disturb vested rights.... A cause of action in favor of an injured party is a vested property right protected by due process." Riehm v. Kellogg, 520 So.2d 1169, 1171 (La.App. 4th Cir.1987), writ granted, 523 So.2d 1331; (La.1988) writ dismissed, 530 So.2d 1164 (La.1988).
As amended LSA-R.S. 22:1386, Section A, explicitly states that it shall include uninsured or underinsured motorist liability coverage, or both, hospitalization, and other medical expense coverage. These changes are substantive in nature and a retroactive application would disturb plaintiffs' vested property right, i.e., a cause of action in favor of the injured parties. Finding no contrary legislative expression, we conclude that the amendment should be given prospective application only.
Because the plaintiffs' claim against Dixie Lloyds arose before the effective date of the amendment, the prior version applies. Under the previous version of the statute, the purpose of the nonduplication provision preventing double recovery applied to ordinary insurance coverage and not UM coverage. Hickerson v. Protective Nat. Ins. Co., 383 So.2d 377 (La.1980). Therefore, plaintiffs have a claim against LIGA as its UM insurer.
Accordingly, we affirm the trial courts' ruling denying LIGA's exception of no cause of action.
AFFIRMED.