599 So.2d 1092 (1992)
STATE of Louisiana
v.
William Rodney BROSSETTE.
No. 92-KK-1711.
Supreme Court of Louisiana.
June 23, 1992.
Stay order vacated. Writ denied. Relator may raise these issues on appeal in the event of conviction.
DENNIS and HALL, JJ., concur with reasons.
DENNIS and HALL, JJ., concurring in the denial of writs.
I concur in the denial of the writ application, but write separately to alert the trial court and the parties to the fact that the introduction of expert opinion testimony as to the psychological characteristics of the victim or her testimony is fraught with serious res nova constitutional and evidentiary problems. While this type of evidence is absolutely not admissible for some purposes, see, e.g., Commonwealth v. Seese, 512 Pa. 439, 517 A.2d 920, 922 (1986); United States v. Azure, 801 F.2d 336 (8th Cir.1986), but might be admissible for others, it should be allowed only after careful study and under strict control by the trial court. See generally, Myers, Bays, Becker, Berliner, Corwin, Saywitz, Expert Testimony in Child Sexual Abuse Litigation, 68 Neb.L.Rev. 1, 121 (1989), and authorities cited therein. Its introduction by the State may well call for the relief sought by the defendant in this writ application or else require a reversal of a conviction.
This court's denial of the writ at this time does not amount to a blanket approval of the State's introduction of such evidence or final disapproval of the relief sought by the defendant but results principally from the defendant's failure to seek a ruling prohibiting the State from using such evidence and this court's inability without more assistance from the parties and the trial court to anticipate the exact nature of the evidence that the State will seek to introduce and the specific purpose for which it will be introduced.