615 So.2d 516 (1993)
Andrea E. SEGURA
v.
Melissa A. FRANK, et al.
LOUISIANA INSURANCE GUARANTY ASSOCIATION, Appellant,
v.
AMERICAN MANUFACTURERS MUTUAL INSURANCE COMPANY, Appellee.
No. 92-289.
Court of Appeal of Louisiana, Third Circuit.
March 3, 1993.
Rehearing Denied April 14, 1993.
Joseph Edwin Windmeyer, for Andrea E. Segura, et al.
*517 John A. Keller, for Melissa A. Frank, et al.
William Fredrick Page Jr., for Kemper.
Before GUIDRY, LABORDE and DECUIR, JJ.
GUIDRY, Judge.
The parties involved in this appeal are American Manufacturers Mutual Insurance Company (American), the plaintiff's, Andrea Segura, uninsured/underinsured motorist carrier, and the Louisiana Insurance Guaranty Association (LIGA) as successor to the now insolvent Dixie Lloyds Insurance Company.
On March 12, 1990, Andrea Segura was struck by a motor vehicle driven by Russell Goodie but owned by Melissa Frank as she attempted to cross St. Mary Street at an established cross walk on the USL campus in Lafayette, Louisiana. On March 4, 1991, Segura brought suit against Goodie, Frank and LIGA, the latter as successor to Dixie Lloyds Insurance Company, the liability insurer of the Frank vehicle on the date of the accident. Dixie Lloyds had been placed in liquidation on December 20, 1990.
LIGA answered plaintiff's petition and filed a cross claim against American seeking indemnity under the provisions of La. R.S. 22:1386(A), as amended by Act 130 of 1990, which became effective September 7, 1990. In response to LIGA's cross claim, American filed an exception captioned "... No Cause/No Right of Action".
Subsequently, LIGA filed a motion for partial summary judgment arguing the following: (1) under the terms of La.R.S. 22:1386(A) as amended by Act 13 of 1990, plaintiff must first exhaust her rights against all other insurance companies which have issued policies covering her claim, including her own UM carrier; (2) LIGA is entitled to a dollar for dollar credit against any other insurance; and, (3) since American's UM limits ($300,000) exceeds LIGA's liability under the Dixie Lloyds policy ($10,000), it has no exposure and should be dismissed.
American answered LIGA's motion for summary judgment with its own motion for summary judgment combined with a motion in limine seeking to have the $10,000 provided by LIGA/Dixie Lloyds declared as primary coverage. All the motions and exceptions were consolidated in an October 21, 1991 hearing. The trial court, in written reasons for judgment, concluded in pertinent part as follows:
... the Court finds that the statute, as amended, creates substantive rights and, therefore, unless specifically authorized by law, can only be applied prospectively. Plaintiff's claim vested against Dixie-Lloyds on the date of her accident. By statute, LIGA is now standing in the shoes of Dixie-Lloyds. As the statute, as amended, applies only prospectively, it is not applicable to the plaintiff's claim since plaintiff's claim arose prior to its effective date.
Based on the foregoing, the Court hereby grants the motion for partial summary judgment by American, denies the motion for partial summary judgment by LIGA/Dixie-Lloyds, sustains the exception of no cause of action filed by American and dismisses LIGA/Dixie-Lloyds' cross-claim against American.
LIGA appealed.
LIGA raises three issues on appeal: (1) which version of La.R.S. 22:1386(A), the pre or post 1990 version, is applicable to the case; (2) was summary judgment appropriate in that it did not grant all or part of the relief for which plaintiff prayed; and, (3) should Act 237 of 1992 which amends La.R.S. 22:1386 so that it "... shall apply to all covered claims ... pending on or arising on or after ..." its effective date (June 10, 1992) apply to this case.
Issue No. 1
Prior to Act 130 of 1990, La.R.S. 22:1386(1), entitled "Nonduplication of Recovery", provided:
Any person having a claim against an insurer under any provision in an insurance policy other than a policy of an insolvent insurer which is also a covered claim, shall be required to exhaust first his right under such policy. Any amount payable on a covered claim under this part shall be reduced by the amount of *518 any recovery under such insurance policy.
The Louisiana Supreme Court in Hickerson v. Protective National Insurance Company of Omaha, 383 So.2d 377 (La.1980), held that the above provision was intended to apply to ordinary insurance coverage only and did not apply to uninsured motorist coverage. Accordingly, prior to the 1990 amendment, LIGA's responsibilities and obligations primed uninsured motorist coverage provided by a plaintiff's solvent uninsured motorist carrier.
However, effective September 7, 1990, the Legislature amended La.R.S. 22:1386. Section A of that statute now provides in pertinent part as follows:
A. Any person having a claim against an insurer under any provision in an insurance policy other than a policy of an insolvent insurer which is also a covered claim, shall be required first to exhaust his rights under such policy. Such other policies of insurance shall include but shall not be limited to liability coverage, uninsured, or underinsured motorist liability coverage, or both, ... [Emphasis ours]
Pursuant to the 1990 amendment, the insurance coverage provided by LIGA, as successor to an insolvent insurer, is subordinate to any available UM coverage. LIGA argues that the 1990 amendment is applicable to the case at bar and governs LIGA's responsibilities in all cases where the member insurance company was declared insolvent following the effective date of the statute.
In the instant case, the accident in question occurred prior to the effective date of the statute. However, Dixie Lloyds was not declared insolvent until three months after the effective date of the statute. This situation is identical to that faced by our brethren of the Fourth Circuit in Dangerfield v. Soto, 599 So.2d 1092 (La.App. 4th Cir.1991), wherein that court, with whom we agree, stated:
LIGA asserts that the 1990 version applies because Dixie Lloyds became insolvent after the amended statute went into effect even though the accident occurred and the claim against Dixie Lloyds was made prior to the effective date of the amendment. LIGA refers to the "nonduplication of recovery section" of the 1990 amended version, claiming that statute applies because LIGA had no exposure until Dixie Lloyds was declared insolvent. LIGA further contends that the amendment was interpretive of the prior provision and applies retroactively. However, under La.C.C. Art. 6, substantive laws apply prospectively only "if the statute creates an obligation, it is considered substantive and is applied prospectively only.... On the other hand, if the statute relates to the form of the proceeding or the operation of the laws, it is procedural, remedial, or curative and can be applied retrospectively, unless the retroactive application would operate to disturb vested rights.... A cause of action in favor of an injured party is a vested property right protected by due process." Riehm v. Kellogg, 520 So.2d 1169, 1171 (La.App. 4th Cir.1987), writ granted, 523 So.2d 1331; (La.1988) writ dismissed, 530 So.2d 1164 (La.1988).
As amended LSA-R.S. 22:1386, Section A, explicitly states that it shall include uninsured or underinsured motorist liability coverage, or both, hospitalization, and other medical expense coverage. These changes are substantive in nature and a retroactive application would disturb plaintiffs' vested property right, i.e., a cause of action in favor of the injured parties. Finding no contrary legislative expression, we conclude that the amendment should be given prospective application only.
Because the plaintiffs' claim against Dixie Lloyds arose before the effective date of the amendment, the prior version applies. Under the previous version of the statute, the purpose of the nonduplication provision preventing double recovery applied to ordinary insurance coverage and not UM coverage. Hickerson v. Protective Nat. Ins. Co., 383 So.2d 377 (La.1980).
Further, the prospective application of the 1990 amendment to cases which arose only after it became effective, appears to be the approach favored by the Louisiana *519 Supreme Court. We find authority for the foregoing in the recent decision of the Supreme Court in St. Paul Fire and Marine Insurance Company v. E.R. Smith, Jr. d/b/a E.R. Smith Electrical Contractor, et al., 609 So.2d 809 (La.1992). In a situation which we find analogous, the court refused to give retroactive application to the 1989 amendment to La.R.S. 23:1103, effective January 1, 1990, which gives an employer first payment for worker's compensation paid out of any damages recovered by the employee from a third party, regardless of how the damages are classified and whether or not the damages include compensation for losses other than medical expenses or lost wages.
In its opinion in St. Paul Fire and Marine Insurance Company, supra, the Supreme Court noted that the amendment was "... an obvious legislative attempt to change the law as construed by this court..."; the same holds true in this case. The Supreme Court also relied on La.R.S. 1:2 and La.C.C. art. 6 in ruling that the amended statute could have prospective application only.
We find no error in the trial court's conclusion that Act 130 of 1990 applies only to causes of action arising after its effective date.
Issue No. 2
LIGA next argues that summary judgment in favor of American was not appropriate in that it does not result in a grant of all or part of the relief for which plaintiff prayed. We do not find LIGA's argument persuasive. Act 71 of 1992 amended La.C.C.P. art. 966 which governs the grant of summary judgments to add the following section:
(D) A summary judgment may be rendered on the issue of insurance coverage alone although there is a genuine issue as to liability or the amount of damages.
Clearly, this added section is procedural in nature and thus applies both prospectively and retroactively. See La.C.C. art. 6. Since the trial court's judgment was "rendered on the issue of insurance coverage", summary procedure was proper.
Issue No. 3
Act 237 of 1992 provides in pertinent part as follows:
Section 2. R.S. 22:1386(A) and (C) are hereby amended and reenacted and R.S. 22:1386(D) is hereby enacted to read as follows:
§ 1386. Nonduplication of recovery
A. Any person having a claim against an insurer under any provision in an insurance policy, other than a policy of an insolvent insurer which is also a covered claim, shall be required first to exhaust his rights under such policy. Such other policies of insurance shall include but shall not be limited to liability coverage, uninsured or underinsured motorist liability coverage, or both, hospitalization, and other medical expense coverage. As to the association, any amount payable by such other insurance shall act as a credit against the damages of the claimant, and the association shall not be liable for such portion of the damages of the claimant.
* * * * * *
C. Any recovery under this Part by any claimant not a resident of the state of Louisiana at the time such claim arose, shall not exceed the lesser of the recovery allowed under this Part or that payable by the insurance guaranty association or its equivalent in the claimant's state of residence. As to the association, any amount payable by the other guaranty association or its equivalent shall act as a credit against the damages of the claimant, and the association shall not be liable for that portion of the damages of the claimant.
D. The association shall have no duty to provide a separate defense at its cost to an insured of an insolvent insurer as to any issue arising out of the coverage of this Section.
Section 3. This Act shall apply to all covered claims, as defined in R.S. 22:1379, pending on or arising on or after the effective date of this Act.
Section 4. This Act shall become effective upon signature by the governor *520 or, if not signed by the governor, upon expiration of the time for bills to become law without signature by the governor, as provided in Article III, Section 18 of the Constitution of Louisiana. If vetoed by the governor and subsequently approved by the legislature, this Act shall become effective on the day following such approval.
LIGA argues that plaintiff's claim was and is still pending; and thus, under the provisions of La.R.S. 22:1386, as amended by Act 237 of 1992, LIGA's responsibility is subordinate to American's coverage. We disagree. At the time of the proceedings in the trial court, Act 237 of 1992 had not yet been passed. Accordingly, it could not have been considered by the trial judge, much less applied to these proceedings. Thus, this argument was never presented at the trial court level and in the normal scheme of events should not be argued for the first time on appeal. However, in any, event, we find that the liability of LIGA vis-a-vis American which was adjudicated by the trial court in the consolidated hearing of October 21, 1991, relieved American of responsibility for the first $10,000 of plaintiff's damages and to that extent constitutes an adjudicated claim. In sum, we conclude that, under the particular circumstances of this case, the claim in this matter is not a "pending claim" within the purview of Section 3 of Act 237 of 1992.
Accordingly, for the reasons stated, the judgment of the trial court is affirmed. All costs of this appeal are assessed against the Louisiana Insurance Guaranty Association.
AFFIRMED.