YELVERTON, Judge.
This appeal presents the legal issue of whether Act 130 of 1990, amending La.R.S. 22:1386, applies retroactively to an accident which occurred on April 16, 1990.
Dean Brunies was injured in an automobile accident when he was struck in the rear by an automobile driven by John Guil-let which had been struck in the rear by an automobile driven by Curian Guillory. Brunies filed suit against Guillory, his insurer, Automotive Casualty Insurance Company, and Guillet and his insurer, USAA Property and Casualty Insurance Company. He also named Louisiana Insurance Guaranty Association as the guarantor of his uninsured/underinsured motorist carrier, Dixie Lloyds Insurance Company, which had been declared insolvent on December 20, 1990.
Brunies settled with Guillory’s insurer, Automotive Casualty Insurance Company, for the full policy limits of $10,000. LIGA then filed a motion for summary judgment claiming Act 130 of 1990 amending La.R.S. 22:1386 required that a claim covered by LIGA shall be given a dollar-for-dollar credit against the recovery under any other insurance policy. It argued that the $10,-000 UM claim against LIGA would be reduced to zero if Brunies recovered $10,000 from Automotive or USAA.
The trial court granted LIGA’s motion for summary judgment. Brunies appealed.
After this appeal was taken, this court decided that Act 130 of 1990 applies only to causes of action arising after its effective date of September 7, 1990, and that it did not apply to an accident which happened on March 12, 1990. Segura v. Frank, 615 So.2d 516 (La.App. 3rd Cir.1993). Since this accident occurred April 16, 1990, Act 130 of 1990 does not apply to this case.
The judgment of the trial court is reversed and the matter is remanded for further proceedings. Costs of this appeal are taxed to Louisiana Insurance Guaranty Association; all other costs are to await further proceedings.
REVERSED AND REMANDED.