JONES, Judge.
Plaintiff, Linda Kiefer, appeals the trial court’s judgment in this personal injury cause of action.
This litigation arises out of an automobile accident on January 10,1983, in which plaintiff sustained personal injuries and property loss. Defendant, Southern Freightways, Inc., a Florida corporation, was the employer of Paul D. Lloyd, the driver of the eighteen wheel tractor-trailer with whom plaintiff had the collision. Both Lloyd and Southern were insured by Carriers Insurance Company under a $500,000.00 liability policy. Carriers, Southern and Lloyd were named as defendants in plaintiffs personal injury cause of action.
On November 12, 1985, the Commissioner of Insurance for the State of Iowa assumed *963 supervision of the affairs of Carriers, an Iowa insurer, due to its insolvency. Plaintiff amended her petition to sue State Farm Mutual Automobile Insurance Company, with whom she had a policy for UM protection in the amount of $50,000.00. She also named Louisiana Insurance Guaranty Association (LIGA) pursuant to La. R.S. 22:1375. LIGA answered averring that it would have no liability to plaintiff until plaintiff exhausted her remedies against Florida Insurance Guaranty Association (FIGA) since Southern and Lloyd, the alleged insureds of Carriers, were residents of the State of Florida and the policy of insurance between Carriers and Southern was issued in the State of Florida. Plaintiff dismissed LIGA without prejudice. In a second supplemental and amending petition, plaintiff joined the Florida Insurance Guaranty Association (FIGA) as a defendant.
This case was tried before a jury which returned a verdict in favor of plaintiff awarding a total award of $165,143.00. The jury also found that State Farm was not arbitrary and capricious. Accordingly, the trial court rendered judgment against Southern in the sum of $100.00, the deductible for which FIGA was not liable under Florida law together with legal interest from the date of judicial demand and for costs. The court rendered judgment for the total amount of the jury award, but with legal interest from the date of judgment against Southern and FIGA, in solido. The court assessed two expert witness fees, totalling $800.00, against FIGA. The court dismissed all claims against State Farm. From this judgment, plaintiff appeals.
By plaintiff’s first assignment of error, plaintiff argues that because State Farm’s uninsured motorist obligation arose first in time, State Farm was obligated to provide coverage. She argues that Carriers denied coverage for this accident on February 20, 1984. Plaintiff cites case law from foreign jurisdictions which hold that an express denial of coverage relieves the UM claimant of the necessity of proving that the tortfeasor’s vehicle was uninsured at the time of the accident.
Plaintiffs claim for underinsured motorist coverage arose only after FIGA was required to pay claims exceeding $100.00 but not greater than $300,000.00. Plaintiff contends that State Farm owes her damages under its uninsured motorist coverage or alternatively under its underinsured motorist coverage.
FIGA argues that, in fact, plaintiff elected to proceed against State Farm rather than FIGA. Therefore, it was error for the trial court to assign no liability to State Farm. Rightfully, State Farm should be liable for the first $50,000.00 of the judgment plus pre- and post-judgment interest. FIGA asserts that its only liability is to pay the excess over State Farm’s $50,000.00 policy limit.
The trial court considered these assertions by FIGA and specifically found no proof that an election was made by the plaintiff. The record supports such a finding.
Defendant, State Farm, responds that under Louisiana’s “time of the accident” rule, a defendant’s status as uninsured or underin-sured must be determined at the time of the accident. Keller v. Amedeo, 512 So.2d 385, 388 (La.1987); La. R.S. 22:1406(D)(2)(b); La. R.S. 22:1406(D)(6). State Farm argues that no UM coverage was owed because Carriers became insolvent more than one year after the accident.
State Farm’s argument has merit. Furthermore, this is an instance where the amount of plaintiffs award is recoverable within the limits FIGA is obligated to pay. It is not an instance of uninsured or under-insured motorist coverage. Plaintiffs shortfall is caused by FIGA’s immunity from paying pre-judgment interest and plaintiff argues this point in her second assignment of error.
Plaintiff argues that La. R.S. 13:4203 mandates legal interest from the date of demand on tort judgments. State Farm assumes that the trial court failed to award plaintiff pre-judgment interest because it was unrecoverable against FIGA. It observed that LIGA is liable for pre-judgment interest and perhaps plaintiff could pursue recourse against LIGA since it was dismissed without prejudice. State Farm contends that all remedies against FIGA and LIGA must be exhausted before UM coverage is triggered.
*964 This is an issue of first impression. Clearly, plaintiff is entitled to pre-judgment interest and it was error for the trial court not to award it.
Section 631.57(l)(b) of the Florida Statutes provides:
(1) The association shall:
[[Image here]]
(b) Be deemed the insurer to the extent of its obligation on the covered claims, and, to such extent, shall have all rights, duties, and obligations of the insolvent insurer as if the insurer had not become insolvent. In no event shall the association be liable for any penalties or interest.
Emphasis added. Florida courts have interpreted this statute to mean that FIGA is immune from liability for pre-judgment interest. FIGA v. R.V.M.P. Gorp., 874 F.2d 1528 (11th Cir.1989). However, defendant Southern is not immune from paying prejudgment interest. State Farm is correct in its assertion that Louisiana’s nonduplication of recovery statute, La. R.S. 22:1386, as it existed at the time of the accident, did not assign liability to the UM carrier until first, recovery is sought from the association of the place of residence of the insured and, then, recovery is sought from any other insurance guaranty association or its equivalent. See: Hickerson v. Protective Nat. Ins. Co., 383 So.2d 377 (La.1980). The statute was amended in 1990 to provide that UM coverage must be exhausted before LIGA would be liable, and amounts payable under such coverage would act as a dollar-for-dollar credit against LIGA’s liability. This court has held that the 1990 amendment extending the nonduplication of recovery provision to uninsured and underinsured motorist coverage could not be applied retroactively. Dangerfield v. Soto, 599 So.2d 1092 (La.App. 4th Cir.1991).
Southern is cast with all pre-judgment interest because FIGA is immune. If Southern is insolvent, which is not evident from the record, but is alleged in briefs, than La. R.S. 22:1386, as it existed at the time of the accident, provides that recovery is next owed by LIGA. State Farm owes no coverage until coverage owed by Southern, FIGA, and LIGA are exhausted. Only if the plaintiffs judgment including pre-judgment interest is unpaid by these sources, will an underin-sured situation arise and shall State Farm be cast with liability.
Plaintiff argues that penalties and attorney fees are mandated by La. R.S. 22:658 and that the trial court erred in failing to award the same to plaintiff.
Section 658(B) provides for penalties and attorney’s fees only when the insurer is found to be arbitrary and capricious or without probable cause. The jury specifically found that State Farm was not arbitrary and capricious. Nor did the jury make a finding that FIGA was arbitrary and capricious. Moreover, plaintiff cannot collect penalties and fees as against FIGA because it is statutorily protected from paying such by Florida State law.
For the foregoing reasons, we amend the trial court’s judgment and award interest from the date of demand to be paid by Southern. If Southern is not solvent the plaintiff may pursue recovery for pre-judgment interest against LIGA and State Farm, in that order. In all other respects the judgment is affirmed.

AMENDED AND AFFIRMED, AS AMENDED.

ARMSTRONG, J., concurs.