SHORTESS, Judge.
Donald Harris (plaintiff) was injured in an automobile accident on October 7,1989. The parties stipulated that the negligence of Ac-hille Young, Jr., Fidelity Fire & Casualty Insurance Company’s (Fidelity) insured, was the sole cause of the accident; that Fidelity had liability limits of $10,000.00; that Fidelity became insolvent; that the Louisiana Insurance Guaranty Association (LIGA) is Fidelity’s statutory successor; that Commercial Union Insurance Company (Commercial) provided uninsured motorist (u/m) coverage to plaintiff with limits exceeding the value of damages suffered by the plaintiff; that plaintiff had settled with and had recovered $6,087.35 from Commercial; and that if the ease were tried, the evidence would warrant an award to plaintiff of $6,000.00. Based on these stipulations, plaintiff moved for summary judgment, seeking, in effect, to collect his damages again from LIGA. Although no cross motion was filed by LIGA and Young (defendants), the trial court rendered judgment dismissing plaintiffs claim. Plaintiff appealed.
The sole issue involved in the motion for summary judgment was which version of Louisiana Revised Statute 22:1386 applied. The original version of that statute as enacted in 1970 provided that a claimant against LIGA “having any claim against an insurer under any provision in an insurance policy ... shall be required to exhaust first his right under such policy.” In 1980 the Louisiana Supreme Court in Hickerson v. Protective Nat’l Ins. Co., 383 So.2d 377 (La.1980), interpreted this language to exclude u/m insurance. From the Hickerson decision in 1980 until 1990, a claimant had to proceed against LIGA first before he could recover from his u/m carrier.
In 1990 the Louisiana Legislature amended Revised Statute 22:1386 to specifically include u/m insurance among the types of *738 coverage which must be exhausted before LIGA is required to pay the claimant. After this 1990 amendment, the positions of LIGA and the u/m carrier were reversed, i.e., the u/m carrier paid first.
In this case, the accident occurred before the date of the 1990 amendment, but Fidelity became insolvent after the amendment. Appellate court decisions conflicted as to whether the 1990 amendment should be given prospective effect only and, if so, whether its application was determined by the date of the accident or the date of insolvency. Although the trial court gave no written reasons, it apparently applied the 1990 amendment in dismissing plaintiffs claim. Under that version of Revised Statute 22:1386, the u/m coverage was primary. Since the u/m carrier had already satisfied plaintiffs claim, plaintiff could not recover from LIGA.
On appeal plaintiff contended LIGA is primary because the accident occurred before the effective date of the amendment, citing the Third Circuit Court of Appeal’s decision in Segura v. Frank, 615 So.2d 516 (La.App. 3d Cir.1993). LIGA relied on the Fifth Circuit’s decision in Rey v. Guidry, 618 So.2d 425 (La.App. 5th Cir.1993), which held the amendment had retroactive application.
The Louisiana Supreme Court granted writs in Segura and Rey, consolidating them for hearing. That court’s recent opinion, Segura v. Frank, 93-1401, 630 So.2d 714 (La.1994) reversed Segura and affirmed Rey, although for reasons entirely different from those relied upon by the lower appellate courts. The court first found the 1990 amendment substantive and thus entitled to only prospective effect. The court then examined the constitutional validity of a 1992 amendment to Revised Statute 22:1386 which made the 1990 version of the statute applicable to all claims pending as of June 10, 1992 (the effective date of Act 237 of 1992 enacting the retroactivity provision). The court found the 1992 amendment was constitutional. In light of that amendment, the 1990 version of Revised Statute 22:1386 was given retroactive effect by the court. The court further stated the 1990 version of the statute applies to any claim which was still “subject to judicial scrutiny” on June 10, 1992. Segura, 630 So.2d at 727.
Although neither party in this case has- raised the applicability of the 1992 amendment, the supreme court instructed us in Segura that “[wjhere the law has changed during the pendency of suit and retroactive application of the new law is permissible, the new law applies on appeal....” Segura, 630 So.2d at 725. Had defendants filed a cross motion for summary judgment, we would have applied the 1990 version of Revised Statute 22:1386 and affirmed the trial court’s judgment dismissing plaintiffs suit. However, we cannot affirm the dismissal of plaintiffs case in response to his own motion for summary judgment. Because of this procedural irregularity we must reverse the judgment of the trial court and remand this case for further proceedings. Costs of this appeal of $242.13 are assessed to defendants.
REVERSED AND REMANDED.