| iPLOTKIN, Judge.
Defendant, Louisiana Insurance Guaranty Association (LIGA), appeals from a judgment holding that plaintiff Kent Smith (Smith) is not required to exhaust his claims against his uninsured motorist (UM) carrier, Allstate Insurance Company (Allstate), prior to recovering from LIGA. The issue for review is whether the trial court erred in concluding that 1990 and 1992 amendments to La.R.S. 22:1386 do not apply retroactively to this case. For the following reasons, we reverse.
Kent Smith was injured September 19, 1989 when the automobile he was driving was rear ended by an automobile driven by Cindy Ayo (Ayo). At the time of the accident, Ayo’s automobile was insured by Old Hickory Casualty Insurance Company (Old Hickory). Smith’s automobile was allegedly insured by Allstate under a policy which provided UM coverage.
On October 31, 1990, Smith filed suit against Ayo and Old Hickory. Old Hickory was declared insolvent on October 31, 1991. On December 11, 1991, Smith amended his petition to add LIGA as a defendant.
On July 30, 1993, LIGA filed a motion for declaratory judgment, arguing that under La.R.S. 22:1386(A), Smith was required to exhaust all claims against his own UM carrier,_j2AUstate, prior to proceeding against LIGA. While that motion was pending, Smith, on August 9, 1993, amended his petition to add Allstate as a defendant. Allstate filed an answer on October 6, 1993, in which it stated that it had issued a policy in the name of Ophelia Smith.
A hearing on LIGA’s motion for declaratory judgment was held December 17, 1993. Following the hearing, the matter was held open pending the Louisiana Supreme Court’s decision in Segura v. Frank, (La.1994) 630 So.2d 714, cert. denied, — U.S. -, 114 S.Ct. 2165, 128 L.Ed.2d 887 (1994), a case in which Allstate was a defendant. The Louisiana Supreme Court rendered its decision in Segura on January 14, 1994.
Judgment was rendered in the instant case on February 9,1994, denying LIGA’s motion for declaratory judgment. In its judgment, the trial court stated:
*1070 In accordance with Rey v. Guidry [a companion case to Segura ], the Court decrees that the 1990 amendment to LA R.S. 28:1386 is substantive, and therefore not retroactive. Therefore, Kent Smith need not exhaust all other available insurance before proceeding with a claim against the Association.
LIGA brought this appeal, arguing that the trial court erred in its application of Segura. In its brief, Allstate noted that it had filed a petition for writ of certiorari in Rey v. Guidry and asked that we suspend action on this appeal pending the outcome of the writ application. The Supreme Court denied certiorari in Segura on June 6, 1994,- - U.S. —-, 114 S.Ct. 2165 (1994), and this appeal is now clearly disposed of by the Louisiana Supreme Court’s decision. Based on Segura, we reverse.
In Segura, the Louisiana Supreme Court granted writs to resolve a split of opinion among the circuits as to whether the 1990 and 1992 amendments to La.R.S. 22:1386(A) could be applied retroactively to accidents which occurred before the effective dates of the amendments. 630 So.2d at 716. Segu-ra’s exhaustive analysis of the history and policy surrounding this issue need only be summarized here.
In Hickerson v. Protective Nat’l Ins. Co., 383 So.2d 377 (La.1980), the Louisiana Supreme Court held that La.R.S. 22:1386 required a plaintiff to exhaust coverage against LIGA before recovering under available UM policies. Id. at 379.
Effective September 7, 1990, La.R.S. 22:1386 was amended to provide:
IsAriy person having a claim against an insurer under any provision in an insurance policy, other than a policy of an insolvent insurer which is also a covered claim, shall be required first to exhaust his rights under such policy. Such other policies of insurance shall include but shall not be limited to liability coverage, uninsured or underinsured motorist liability coverage, or both, hospitalization, and other medical expense coverage. As to the association, any amount payable by such other insurance shall act as a credit against the damages of the claimant, and the association shall not be liable for such portion of the damages of the claimant.
La.R.S. 22:1386(A) (emphasis added). Under the 1990 version of La.R.S. 22:1386(A), there was no question that a plaintiff had to exhaust his own insurance coverage before he could recover from LIGA. However, cases soon arose concerning whether the 1990 amendment applied retroactively.[1]
By Acts 1992, No. 237, effective June 10, 1992, La.R.S. 22:1386 was reenacted unchanged. However § 3 of that act provided that “[t]his Act shall apply to all covered claims, as defined in R.S. 22:1379, pending on or arising after the effective date of this Act.” Acts 1992, No. 237, § 3 (emphasis added). In Rey v. Guidry, 618 So.2d 425 (La.App. 5th Cir.1993), the Louisiana Fifth Circuit concluded that the 1992 amendment applies retroactively. However, in Segura v. Frank, 615 So.2d 516 (La.App. 3d Cir.1993), the Third Circuit concluded that the 1992 amendment does not apply retroactively to a case on appeal. The Louisiana Supreme Court granted writs and consolidated the two cases. 620 So.2d 822 (La.1993)
In Segura, the Louisiana Supreme Court affirmed the Fifth Circuit’s decision in Rey and reversed the Third Circuit’s decision in Segura. The court concluded that the 1990 amendment to La.R.S. 22:1386 was a substantive change that could not be applied retroactively because the legislature had not expressed its intent that the amendment be applied retroactively. 630 So.2d at 725. Additionally, the court concluded that the 1992 amendment was a substantive amendment that could not be applied retroactively with *1071 out Impairing contractual obligations or disturbing vested rights. Id. at 729. Despite reaching this conclusion, the court held that retroactive application of the 1992 amendment was constitutional, stating that “the adjustment of the UM insurers’ rights and responsibilities is based upon reasonable conditions and is of a character appropriate to the public purpose justifying the legislation’s adoption.” Id. at 733.
In addition, the court concluded that the 1992 amendment applies to any case that remains subject to judicial scrutiny, stating that a claim “continues to be pending until appeal of that judgment has been exhausted.” Id. at 727. Thus, under Segura, the 1992 amended version of La.R.S. 22:1386 applies to this ease, which was pending at the time the amendment became effective. In addressing only the retroactivity of the 1990 amendment in its judgment, the trial court in this case apparently failed to consider Segu-ra’s holding as to the retroactivity of the 1992 amendment.
Under the 1992 version of La.R.S. 22:1386, Smith must exhaust all available insurance coverage prior to proceeding against LIGA. The trial court erred in concluding otherwise.
For the foregoing reasons, the judgment of the trial court is reversed. The case is remanded for further proceedings consistent with this opinion.

REVERSED AND REMANDED.

. Most decisions held that the 1990 amendment did not apply retroactively. Brunies v. Automotive Cas. Ins. Co., 619 So.2d 209 (La.App. 3d Cir.1993); Morris v. Stewart, 617 So.2d 978 (La.App. 4th Cir.1993); Segura v. Frank, 615 So.2d 516 (La.App. 3d Cir.1993), rev’d on other grounds, 630 So.2d 714 (La.1994); Dangerfield v. Soto, 599 So.2d 1092 (La.App. 4th Cir.1991); McMahon v. Louisiana Ins. Guar. Ass'n, 596 So.2d 1384 (La.App. 1st Cir.1991), writ denied, 604 So.2d 970 (La.1992). However, Hebert v. Liner, 620 So.2d 294 (La.App. 1st Cir.1993), concluded that the 1990 amendment applied to an accident that occurred before the amendment where the insurer was declared insolvent after the effective date of the amendment.