660 So.2d 836 (1995)
Patricia Stelly PREJEAN
v.
DIXIE LLOYDS INSURANCE CO., et al.
Billy DESHOTEL
v.
Monica MONTET, et al.
Todd TOUPS
v.
Scott RICHARD, et al.
No. 94-CA-2979.
Supreme Court of Louisiana.
September 15, 1995.
Rehearing Granted September 15, 1995.
PER CURIAM[1].
Pursuant to La. Const. art. V, § 5(D)(2), the Louisiana Insurance Guaranty Association ("LIGA") directly appealed the trial *837 court's finding that Acts 651 and 958 of the 1993 Regular Session of the Louisiana legislature are unconstitutional. In our original opinion, we reversed this finding and declared the Acts constitutional. We also addressed a related issue dealing with whether La.R.S. 22:1379(3)(d), effective September 7, 1990, applied retroactively to exempt LIGA from the payment of court costs incurred by Liberty Lloyds Insurance Company ("Liberty Lloyds") before it was declared insolvent. We held that La.R.S. 22:1379(3)(d) is substantive in nature and may only be applied prospectively. Based on this holding, we found LIGA responsible for all court costs attributable to Liberty Lloyds, whether they arose prior to or after Liberty Lloyd's insolvency.
In its application for rehearing, LIGA argues that La.R.S. 22:1379(3)(d) should exempt it from paying these court costs because the statute does not operate retroactively in this case. Finding merit in LIGA's new argument, we grant the rehearing, and modify our original opinion to address the applicability of this statute.

DISCUSSION
The plaintiff, Billy Deshotel, was injured in an automobile accident on September 4, 1989. Act No. 105 of the 1990 Regular Session of the Louisiana legislature, enacting La.R.S. 22:1379(3)(d), became effective on September 7, 1990. Liberty Lloyds, the tortfeasor's liability insurer and Deshotel's uninsured/underinsured motorist insurer, was declared insolvent on May 17, 1993.
On the date of the accident, there was no statutory provision limiting LIGA's exposure for court costs. Instead, court costs were considered "covered claims" under La.R.S. 22:1379(3)(a), and LIGA was responsible for paying all court costs attributable to the insolvent insurer whether they were incurred pre- or postinsolvency. La.R.S. 22:1382(A)(1) and (A)(2); Louisiana Insurance Guaranty Association v. Gegenheimer, 93-3021 (La. 4/21/94), p. 4; 636 So.2d 209, 210 (citations omitted).
Effective September 7, 1990, the law in this respect changed with the enactment of Subsection (3)(d) of La.R.S. 22:1379. Under this subsection, the legislature exempted LIGA from the payment of claims based on or arising from a preinsolvency obligation of an insolvent insurer, including court costs.
LIGA contends that Subsection 3(d) is controlling in this case. It argues that the law in effect on the date of the insurer's insolvency, rather than the law in effect on the date of the accident, should be employed to determine its liability for court costs. LIGA asserts that the statute operates prospectively here since Liberty Lloyds was not declared insolvent until May 17, 1993, over two years after the statute became effective. We agree.
The determinative point in time separating prospective from retroactive application of an enactment is the date the "cause of action" accrues. Cole v. Celotex Corporation, 599 So.2d 1058, 1063 (La.1992) (citations omitted). In Louisiana, a cause of action accrues when a party has a right to sue. Cole v. Celotex Corporation, 599 So.2d at 1063 n. 15 (citations omitted).
Applying these principles, Deshotel acquired the right to sue Liberty Lloyds, but not LIGA, on the date of the accident, September 4, 1989. Deshotel's cause of action against LIGA did not exist until Liberty Lloyds was declared insolvent, on May 17, 1993.
Accordingly, we find that LIGA's obligation to pay court costs is governed by the law in effect on the date that the insurer is declared insolvent, not by the law in effect on the date of the event giving rise to the insurer's liability. See Segura v. Frank, 93-1271, 93-1401, p. 10 n. 19 (1/14/94) 630 So.2d 714, 722 n. 19; cert. denied, ___ U.S. ___, 114 S.Ct. 2165, 128 L.Ed.2d 887 (1994), wherein we indicated in dicta that LIGA's liabilities are governed by the law in effect on the date of insolvency of the insurer. See also, Cooper v. Huddy, 581 So.2d 723 (La. App. 1st Cir.), writ denied, 585 So.2d 552 (1991); and Louisiana Insurance Guaranty Association v. Guglielmo, 276 So.2d 720 (La. App. 1st Cir.), writ denied, 279 So.2d 690 (1973).
*838 For the reasons stated, La.R.S. 22:1379(3)(d) applies prospectively in this case to exempt LIGA from liability for the preinsolvency court costs incurred by Liberty Lloyds. However, our ruling does not affect our original conclusion that La.R.S. 22:1379(3)(d) is substantive in nature and may not be applied retroactively.[2]

DECREE
Rehearing granted. The trial court's judgment on Deshotel's Rule to Show Cause, ordering LIGA to pay the outstanding court costs originally assessed to Liberty Lloyds, is reversed. Our original decree reversing the trial court's declaration that Acts 651 and 958 of the 1993 Regular legislative session were unconstitutional remains effective.
NOTES
[1] Johnson, J., not on panel. Rule IV, Part 2, § 3. Judge Henry L. Yelverton, Court of Appeal, Third Circuit, participating as Associate Justice Pro Tempore, in place of Associate Justice James L. Dennis. Id.
[2] In footnote 6 of our original opinion we expressly approved the holdings in Richard v. Teague, 92-17 (La.App. 3d Cir. 5/4/94); 636 So.2d 1160, writ denied, 644 So.2d 388 (1994), Gautro v. Fidelity Fire and Casualty Insurance Company, 623 So.2d 106 (La.App. 1st Cir.), writ denied, 629 So.2d 413 (La.1993), and Morris v. Stewart, 617 So.2d 978 (La.App. 4th Cir.1993), insofar as they concluded that La.R.S. 22:1379(3)(d) is substantive in nature. This rehearing opinion does not alter our conclusion in this regard. However, we do not approve of this line of cases to the extent that they disagree with our holding that LIGA's liabilities are governed by the law in effect on the date of the insurer's insolvency.