978 So.2d 964 (2007)
Edgar J. DUHON, III, Cyd Marie Duhon, and on behalf of his minor Children, Tyler Duhon and Kayla Duhon
v.
UNITED PACIFIC INSURANCE COMPANY, R & B Falcon Drilling USA, Inc. and Curtis Bailey.
No. 2007 CA 0836.
Court of Appeal of Louisiana, First Circuit.
December 21, 2007.
Writ Denied March 14, 2008.
E. James Gaidry, Jr., Houma, LA, for Plaintiffs-Appellants, Edgar J. Duhon, III, et al.
Michael E. Parker, Allen & Gooch, Lafayette, LA, for Defendant-Appellee, Louisiana Insurance Guaranty Assoc.
Before PARRO, KUHN, and DOWNING, JJ.
PARRO, J.
The plaintiff appeals a summary judgment that dismissed his claims against the Louisiana Insurance Guaranty Association (LIGA) based on a finding that the holder of the insurance policy of an insolvent insurer had a net worth in excess of $25 million. For the following reasons, we reverse and remand.

Facts and Procedural History
While operating his vehicle on July 10, 2000, Edgar J. Duhon, III (Duhon), a resident of Louisiana, was involved in an accident with a vehicle driven by Curtis Bailey (Bailey) and owned by his employer, R & B Falcon Drilling USA, Inc. (R & B). Although Bailey was driving R & B's vehicle with permission and was, therefore, an omnibus insured under R & B's policy of liability insurance, he was not in the course and scope of his employment for R & B.[1] R & B had liability insurance with United Pacific Insurance Company (one of the Reliance Insurance Company affiliates). Duhon filed suit against multiple defendants, including Bailey and United Pacific. Subsequently, on October 3, 2001, Reliance was placed in liquidation, and LIGA was substituted as a defendant. Duhon settled his claims against all defendants except Bailey and LIGA.
LIGA filed a motion for summary judgment urging the applicability of the net worth exclusion under LSA-R.S. 22:1379(3)(f). Following a hearing on LIGA's motion, the trial court found that Duhon's claim was excluded under LSA-R.S. 22:1379(3)(f), because R & B, also an *966 insured under the United Pacific policy, was worth in excess of $25 million. LIGA'S motion for summary judgment was granted, and Duhon's claims against LIGA were dismissed. Duhon appealed, contending the trial court legally erred by failing to interpret LSA-R.S. 22:1379(3)(f) as excluding from the definition of "covered claim" only a claim for coverage by each individual insured whose net worth exceeds $25 million.

Discussion
For purposes of the Insurance Guaranty Association Law, a covered claim means:
an unpaid claim, including one for unearned premiums by or against the insured or agent, which arises out of and is within the coverage and not in excess of the applicable limits of an insurance policy to which this Part applies issued by an insurer, if such insurer becomes an insolvent insurer after September 1, 1970, and:
(i) The claimant or insured is a resident of this state at the time of the insured event; or
(ii) The property from which the claim arises is permanently located in this state.
LSA-R.S. 22:1379(3)(a). In subparagraphs 3(b) through (f) of this section, certain types of claims are excluded from the term "covered claim." Of importance in this case is LSA-R.S. 22:1379(3)(f) which currently provides:
(f) "Covered claim" shall not include any claim asserted for coverage under a policy held[2] by any insured whose net worth exceeds twenty-five million dollars on December thirty-first of the year immediately preceding the date of the determination of the insolvency of the insurer. However, an insured's net worth on such date shall be deemed to include the aggregate net worth of the insured and all of its subsidiaries and affiliates as calculated on a consolidated basis. An "affiliate" of the insured includes any person or entity who directly, or indirectly through one or more intermediaries, controls or is controlled by or is under common control with the insured. "Control" means the possession, direct or indirect, of the power to direct or cause the direction of the management and policies of the controlled person or entity, whether through the ownership of voting securities, by contract, or otherwise. The consolidated net worth of the insured and all of its subsidiaries and affiliates shall be calculated on the basis of their fair market values. The failure or refusal of a person or entity to return a net worth affidavit to the association after two requests therefor shall create a rebuttable presumption that the noncompliant person or entity had a net worth in excess of twenty-five million dollars on December thirty-first of the year immediately preceding the date of the determination of the insolvency of the insurer. An insured for the purposes of this provision shall not include any state or local governmental agency or subdivision thereof. [Emphasis and footnote added.]
However, prior to its revision by 2004 La. Acts, No. 109, § 1, LSA-R.S. 22:1379(3)(f) provided:
(f) "Covered claim" shall not include any claim by any insured whose net worth exceeds twenty-five million dollars on December thirty-first of the year immediately *967 preceding the date of the determination of the insolvency of the insurer. However, an insured's net worth on such date shall be deemed to include the aggregate net worth of the insured and all of its subsidiaries and affiliates as calculated on a consolidated basis. An insured for the purposes of this provision shall not include any state or local governmental agency or subdivision thereof. [Emphasis added.]
The applicable law governing claims against LIGA is the law in effect on the date of the insurer's insolvency. Hopkins v. Howard, 05-0732 (La.App. 4th Cir.4/5/06), 930 So.2d 999, 1002 n. 3, writ denied, 06-1047 (La.6/23/06), 930 So.2d 984; see Prejean v. Dixie Lloyds Ins. Co., 94-2979 (La.9/15/95), 660 So.2d 836, 837 (on reh'g). The reason for this is that the claim against LIGA does not accrue until the insurer is declared insolvent. Hopkins, 930 So.2d at 1002 n. 3.
The parties do not dispute that Reliance was declared insolvent in 2001. Therefore, the pre-2004 version governs in this case. To not be a covered claim for purposes of the applicable version of LSA-R.S. 22:1379(3)(f), the claim must be one filed by an insured. In this case, it is the victim, Duhon, who filed a claim against the insurer[3] of the owner of the vehicle and an omnibus insured under the policy.[4] Since this suit does not involve a "claim by any insured," the statutory exclusion found in LSA-R.S. 22:1379(3)(f) is inapplicable. Accordingly, we conclude that the trial court legally erred in apparently applying the current version of LSA-R.S. 22:1379(3)(f) to find that Duhon's claim against LIGA was excluded.

Decree
For the foregoing reasons, the judgment of the trial court is reversed. This matter is remanded for further proceedings. Costs of this appeal in the amount of $1,012.64 are assessed against Louisiana Insurance Guaranty Association.
REVERSED AND REMANDED.
NOTES
[1] Under these facts, it appears R & B had no vicarious liability as a result of any negligence by Bailey.
[2] For purposes of our discussion, we note that the language "asserted for coverage under a policy held" was added by a 2004 amendment. See 2004 La. Acts, No. 109, § 1. We conclude this particular amendment constitutes a substantive change in this provision and cannot be given retroactive effect. See LSA-C.C. art. 6.
[3] See LSA-R.S. 22:655.
[4] We note that LSA-R.S. 22:1376 sets forth the purpose of the Insurance Guaranty Association Law in pertinent part, as follows:

The purpose of this Part is to provide a mechanism for the payment of covered claims under certain insurance policies to avoid excessive delay in payment and to avoid financial loss to claimants or policyholders because of the insolvency of an insurer. . . . [Emphasis added.]