563 So.2d 226 (1990)
Lew A. ROBICHAUX
v.
Harold L. RANDOLPH, Sr., Howard Trucking Company, Inc., Transit Casualty Insurance Company, Inc. and Louisiana Insurance Guaranty Association.
No. 90-C-0157.
Supreme Court of Louisiana.
June 4, 1990.
Rehearing Denied June 28, 1990.
*227 Stephen P. Callahan, for Weeks & Stark, plaintiff-applicant.
Henry G. Terhoeve, Mathews, Atkinson, Guglielmo, Marks & Day, Baton Rouge, for Louisiana Ins. Guar. Ass'n, defendant-respondent.
Darnell Bludworth, Peter L. Hilbert, Jr., José R. Cot, amici curiae for Pacific Employers Ins. Co.
Morris M. Haik, for Howard Trucking Co., defendant-respondent.
Wood Brown, for International Ins. Co., defendant-respondent.
Peter L. Hilbert, Jr., José R. Cot, Darnell Bludworth, amici curiae for Granite State Ins. Co.
CALOGERO, Chief Justice[*].
In this case, the district court rendered a judgment favorable to an injured plaintiff and against an excess insurance company. Because of the insolvency of an underlying liability insurance carrier (with a $1,000,000 limit of liability) and the existence of a statutory limit of LIGA coverage up to $150,000,[1] the excess carrier was cast for the full amount of the judgment that exceeded $150,000. (The district court judgment was for a gross sum of $310,000.)
The court of appeal reversed, holding that International Insurance Company's excess coverage is only above $1,000,000, that it does not drop down to place the excess insurer in the shoes of the insolvent underlying carrier, 555 So.2d 581. Accordingly, the plaintiff was denied any recovery from International.
We granted writs in two cases presenting the identical issue. This one, on plaintiff's application, complains of the court of appeal judgment holding there is no drop down, and Kelly v. Weil, 563 So.2d 221 (La.1990), on application of the excess carrier, complained of the lower court determination that there was a drop down in coverage. The cases were consolidated for oral argument. We render separate opinions in the two cases this day.
The significant policy provisions in the respective policies, "Section V, Retained LimitLimit of Liability," are identical.[2] The International policy in this case, however, contains an important additional provision, which is noted below.
For reasons expressed in Kelly, "Section V, Retained LimitLimit of Liability" is clear and unambiguous. Thus, the policy does not require International to drop down to provide coverage in place of the insolvent underlying carrier.
Furthermore, it is worth noting that the result in this case is even more compelling than in Kelly. Paragraph O of the "CONDITIONS" section of the International policy, "Maintenance of Underlying Insurance," provides specifically for the event of insolvency of the underlying insurer. The second paragraph of that section states:
"In the event there is no recovery available to the insured as a result of the bankruptcy or insolvency of the underlying Insurer, the coverage hereunder *228 shall apply in excess of the applicable limit of liability specified in Schedule A." [Schedule A is where underlying policies and their limits are shown].
It is evident that the parties to this insurance policy intended and, indeed specifically provided, that International would not drop down in the event of the underlying insurer's insolvency. See also Holland v. Stanley Scrubbing Well Service, 666 F.Supp. 898, 902 n. 1 (W.D.La.1987); LIGA v. Intern. Ins. Co., 551 So.2d 50 (La.App. 1st Cir.1989); Gibson v. Kreihs, 538 So.2d 1057 (La.App. 4th Cir.), writ denied, 541 So.2d 856 (La.1989).

DECREE
For the foregoing reasons, the judgment of the court of appeal in favor of International Insurance Company is affirmed.
AFFIRMED.
NOTES
[*] Judge Melvin A. Shortess of the Court of Appeal, First Circuit, participated in this decision as Associate Justice Pro Tempore.
[1] LSA-R.S. 22:1382(1)(a) states that the Louisiana Insurance Guaranty Association will provide coverage to claimants because of insolvent insurers for claims that are "in excess of one hundred dollars and ... less than one hundred fifty thousand dollars, per claim...."
[2] The policy provision states, in part:

"V. RETAINED LIMITLIMIT OF LIABILITY
The Company's liability shall be only for the ultimate net loss in excess of the insured's retained limit defined as the greater of:
(a) the total of the applicable limits of the underlying policies listed in Schedule A hereof, and the applicable limits of any other insurance collectible by the insured; ..."