572 So.2d 365 (1990)
Jeff M. POUNDERS, III and Johnnie Pounders
v.
CHAMPION INSURANCE COMPANY, et al.
No. CA 90 1164.
Court of Appeal of Louisiana, First Circuit.
December 18, 1990.
Writ Denied March 1, 1991.
James Wattigny, Hammond, for plaintiffs.
E. Lynn Singleton, Greensburg, for Champion Ins. Co.
Glenn S. Love, Baton Rouge, for La. Ins. Guar. Ass'n.
Before SAVOIE, CRAIN and FOIL, JJ.
FOIL, Judge.
This is an appeal from a judgment against defendant, Louisiana Insurance Guaranty Association (LIGA), ordering LIGA to pay court costs incurred by defendant, Champion Insurance Company (Champion). We affirm.
Plaintiffs brought this suit for damages suffered as a result of an automobile accident. After a trial, judgment was rendered in favor of plaintiffs and against Champion for damages plus all costs of court. Champion was subsequently declared insolvent and plaintiff filed a rule to tax court costs against LIGA. The rule was heard by the trial court, which held that LIGA is liable for payment of court costs assessed in the judgment against Champion. It is from this judgment on the rule that LIGA brings the instant appeal. LIGA claims the trial court erred in ruling that LIGA is not exempt from paying fees, including court costs, pursuant to La.R.S. 22:1389.
La.R.S. 22:1389 provides as follows:
§ 1389. Tax exemption
The association shall be exempt from payment of all fees and all taxes levied by this state or any of its subdivisions except taxes levied on real or personal property.
The statute clearly concerns an exemption from the payment of taxes, not court costs. In fact, in prior cases, LIGA has been held liable for payment of interest and court costs, in addition to a damage award, even though it resulted in a total award exceeding LIGA's statutory liability. See Robichaux v. Randolph, 555 So.2d 581 (La.App. 1st Cir.1989), aff'd on other grounds, 563 So.2d 226 (La.1990); Aramburo v. Travelers Insurance Company, 438 So.2d 274 (La.App. 4th Cir.), writ denied, 443 So.2d 1110 (La.1983).
*366 Accordingly, the judgment of the trial court is affirmed. Costs of this appeal are assessed against LIGA.
AFFIRMED.