623 So.2d 106 (1993)
Joseph and Arsane GAUTRO,
v.
FIDELITY FIRE AND CASUALTY INSURANCE COMPANY, et al.
No. CA 92 1518.
Court of Appeal of Louisiana, First Circuit.
July 2, 1993.
John T. Bennett, Marksville, for Joseph Gautro, et ux.
Donald R. Smith, Baton Rouge, for Fidelity Fire and Cas. Ins. Co. and Tommy Pace.
Before EDWARDS, SHORTESS and WHIPPLE, JJ.
WHIPPLE, Judge.
The issues presented in this appeal are: (1) whether the trial court erred in rendering judgment against the Louisiana Insurance Guaranty Association (LIGA) for a principal amount in excess of policy limits available under the applicable policies of the failed insurer, and (2) whether LIGA is liable for the payment of pre-insolvency legal interest and court costs.
On December 22, 1988, plaintiffs, Joseph and Arsane Gautro, were involved in an automobile accident when their vehicle was struck from the rear by a vehicle being driven by defendant, Tommy Pace. On July 25, 1989, plaintiffs filed suit against Pace and Fidelity Fire and Casualty Insurance Company (Fidelity), Pace's liability insurer. Fidelity was also named as a party defendant in its capacity as uninsured motorist carrier on the Gautro vehicle. At the time of the accident, Fidelity provided insurance coverage on the Pace vehicle in the amount of $10,000.00 per person and $20,000.00 per accident and uninsured motorist coverage on the Gautro vehicle in the amount of $10,000.00 per person and $20,000.00 per accident.
Trial was held on March 11, 1991. By judgment dated April 11, 1991, the trial *107 court[1] rendered judgment in favor of Joseph Gautro and against Pace and Fidelity, in solido, in the amount of $25,913.00, with legal interest from the date of judicial demand. However, the trial court limited the judgment in favor of Joseph Gautro and against Fidelity to the sum of $20,000.00, the total combined policy limits of the policies provided to Pace and the Gautros, plus legal interest from date of judicial demand, until paid, on the $25,913.00 award. Thus, the insurance company was cast for the total limits available under the two policies, plus all pre-judgment interest owed by the insured on the entire award. Judgment was also rendered in favor of Arsane Gautro and against the defendants, Pace and Fidelity, in solido, in the amount of $3,802.02, with legal interest from date of judicial demand. Defendants, Pace and Fidelity, were also cast with all costs of the proceeding.
By judgment signed June 10, 1991, the trial court amended the original judgment to limit the responsibility of Fidelity for the payment of interest on the portion of the award in favor of Joseph Gautro in excess of the $20,000.00 combined policy limits to post-judgment interest only, i.e. from the date of the amended judgment until paid.
Pace and Fidelity filed a motion for appeal, and an order granting a suspensive appeal was signed by the trial court on June 10, 1991. However, the appeal bond was apparently never posted, nor was the appeal prosecuted, and the amended judgment became final.
Although the formal order does not appear in the record, the parties agree that on September 4, 1991 (after the judgment became final), Fidelity was placed into liquidation.
On October 21, 1991, plaintiffs filed a second supplemental and amending petition, naming LIGA as a defendant, and subsequently filed a rule to show cause why LIGA should not be ordered to pay all sums for which Fidelity had been previously cast in judgment, together with court costs and legal interest thereon from date of judicial demand, until paid.
On April 10, 1992, a hearing on the rule was conducted, and by judgment dated April 21, 1992, the trial court rendered judgment in favor of plaintiffs, Joseph and Arsane Gautro, and against LIGA in the amount of $25,913.00 (the full amount of the original judgment in favor of Joseph Gautro) together with legal interest thereon from date of judicial demand and all court costs. Thus, while the judgments of April 11, 1991 and June 10, 1991 ultimately recognized that the award in favor of Mr. Gautro and against Fidelity should be limited to the $20,000.00 combined limits available under the two Fidelity policies, the judgment on rule against LIGA nonetheless compelled LIGA to pay the sum of $25,913.00, i.e. the amount first awarded in the original judgment in favor of Mr. Gautro and against Pace and Fidelity. From this judgment, LIGA and Pace appeal.[2]

LIGA'S LIABILITY FOR THE PRINCIPAL SUMS
LIGA argues that the April 21, 1992 judgment is incorrect because it: (1) failed to limit the judgment against LIGA to the amount of the combined policy limits available under the two Fidelity policies; (2) improperly awarded this incorrect amount of $25,913.00 to Mr. and Mrs. Gautro and thus failed to differentiate between the amounts awarded to Joseph Gautro and the amounts awarded to Arsane Gautro; and (3) failed to recognize that LIGA is entitled to a credit for the statutory deductible of $100.00 per *108 claim for each of the two Fidelity policies involved.
The obligations of LIGA are set forth in LSA-R.S. 22:1382(A)(1)(a), which provides in pertinent part that LIGA shall be obligated only to the extent of "covered claims existing prior to the determination of the insurer's insolvency". The statute also provides, in subsection (d) (formerly section [1][a]) that "[i]n no event shall the association be obligated to a policyholder or claimant in an amount in excess of the obligation of the insolvent insurer under the policy from which the claim arises". Logically, this protection extends only to the applicable limits extended to the policyholder by the insolvent carrier. Casualty Reciprocal Exchange v. Dukarie, 607 So.2d 834, 837 (La.App. 1st Cir.), writ denied, 609 So.2d 258 (La.1992).
LSA-R.S. 22:1382(A)(1)(a) also provides that LIGA's obligation shall include only that amount of each covered claim "which is in excess of one hundred dollars...." Thus, LIGA was entitled to a $100.00 credit for each covered claim under the policies in accordance with the statutory deductible. Harris v. Lee, 387 So.2d 1145, 1146 (La. 1980); Cooper v. Huddy, 581 So.2d 723, 726 (La.App. 1st Cir.), writ denied, 585 So.2d 552 (La.1991).
Applying these principles to the instant case, we agree with appellants that the April 21, 1992 judgment must be amended to correct the amount of the award and to render judgment in favor of Joseph Gautro only and against LIGA. The amended judgment should reflect that Mr. Gautro is entitled to an award in the amount of $9,900.00, representing the policy limits afforded under the Fidelity policy issued to Pace and the additional amount of $9,900.00 representing the amount of coverage afforded by the Gautro UM policy, or the total principal amount of $19,800.00. The judgment must also be amended to include the award in favor of Arsane Gautro and against LIGA in the corrected amount of $3,702.02.[3]

LIGA'S LIABILITY FOR INTEREST AND COURT COSTS
LIGA next contends the trial court erred in casting LIGA for payment of legal interest and court costs incurred prior to the date of Fidelity's insolvency.
As LIGA concedes in brief, the provisions of LSA-R.S. 22:1379 et seq. which govern the powers and duties of the association in effect on the date of the accident did not specifically exclude court costs and legal interest from the category of "covered claims" for which LIGA would be responsible.[4]
Nonetheless, LIGA cites LSA-R.S. 22:1379(3)(d), as amended in 1990 and in effect at the time LIGA was made a party to the suit, for the proposition that the association cannot be cast for pre-insolvency court costs and legal interest.
As stated above, the accident in question occurred prior to the effective date of the amendment, but Fidelity was not declared insolvent until after the effective date.
At the time of the accident, "covered claim" was defined as follows:
"Covered claim" means an unpaid claim, including one for unearned premiums by or against the insured or agent, which arises out of and is within the coverage and not in excess of the applicable limits of an insurance policy to which this Part applies issued by an insurer.... "Covered claim" shall not include any amount due any reinsurer, insurer, insurance pool, or underwriting association, as subrogation recoveries or otherwise. *109 LSA-R.S. 22:1379(3) (as amended by Acts 1987, No. 172, § 1, eff. June 19, 1987).
However, by Acts 1990, No. 105, effective September 7, 1990, LSA-R.S. 22:1379(3)(d) was added to provide as follows:
"Covered claim" shall not include any claim based on or arising from a pre-insolvency obligation of an insolvent insurer, including but not limited to contractual attorneys' fees and expenses, statutory penalties and attorneys' fees, court costs, interest and bond premiums, or any other expenses incurred prior to the determination of insolvency.
Prior to September 1990, there was no statutory provision limiting LIGA's exposure for court costs. LIGA states that in enacting the 1990 amendment to the statutes, the legislature approved prior jurisprudence which excluded penalties and attorney's fees from covered claims and rejected jurisprudence which included court costs and legal interest as "covered claims"; and argues that the amendment "cannot be viewed in any other light than an attempt to establish the legislative intent of the original statute". Thus, LIGA argues, the amendment was interpretive and consequently should be applied retroactively. Plaintiffs, on the other hand, claim that this amendment constituted a substantive change in the law and should be applied prospectively only.
Two other circuits have addressed this issue. In Prejean v. Dixie Lloyds Insurance Company, 602 So.2d 764 (La.App. 3rd Cir. 1992), the court held that because the amendment to LSA-R.S. 22:1379, as it applied to court costs, simply involved the method of allocation of court costs, it was prescribing the method of enforcing a right and could be classified as procedural. Thus, the third circuit reasoned, the amendment excluding court costs from the definition of "covered claims" could be applied retroactively. Prejean, 602 So.2d at 767.
However, in Morris v. Stewart, 617 So.2d 978 (La.App. 4th Cir.1993), the Fourth Circuit Court of Appeal reached the opposite result, holding that as it applied to LIGA's liability for legal interest, the amendment could not be applied retroactively. The court concluded that the 1990 amendment to LSA-R.S. 22:1379 was a substantive change in the law, noting that prior to the change, individuals could recover legal interest from the date of judicial demand regardless of the date of insolvency of the insurer. Morris, 617 So.2d at 981-82. We agree with our colleagues on the fourth circuit.
Unless there is a legislative expression to the contrary, substantive laws apply prospectively only, while procedural and interpretative laws apply both prospectively and retroactively. LSA-C.C. art. 6. Substantive laws establish new rules, rights and duties or change existing ones. On the other hand, interpretive laws do not create new rules, but merely establish the meaning that the original statute had from the time of its enactment. Since it is the original statute and not the interpretive one that establishes the rights and duties, an interpretive statute may be given retrospective effect because it does not change the law, but merely clarifies pre-existing law. St. Paul Fire & Marine Insurance Company v. Smith, 609 So.2d 809, 817 (La.1992).
Prior to the 1990 amendment, an individual had the right to collect from LIGA interest and court costs incurred from the date of judicial demand, Pounders v. Champion Insurance Company, 572 So.2d 365 (La.App. 1st Cir.1990), writ denied, 576 So.2d 32 (La. 1991), even if interest and costs would result in an award which exceeds LIGA's statutory liability limits, Robichaux v. Randolph, 555 So.2d 581, 588 (La.App. 1st Cir.1989), affirmed on other grounds, 563 So.2d 226 (La. 1990). Under the amended statute, this right no longer exists.
Unlike the right to penalties and attorney's fees for the bad faith of an insurer, which derives from separate and distinct penalty statutes, Bowens v. General Motors Corp., 608 So.2d 999, 1004 (La.1992), the right to recover interest and court costs arises from the contractual relationship between the insured and insurer under the policy. Accordingly, we find that a claim for interest and court costs constituted part of a "covered claim" until specifically excluded from that definition by legislative amendment. Thus, we conclude that as it applies to *110 legal interest and court costs, the 1990 amendment to LSA-R.S. 22:1379(3)(d) effected a substantive change which abolished a right of an insured, and should be applied prospectively only. Therefore, the trial court properly awarded court costs and legal interest against LIGA from date of judicial demand against Pace and Fidelity.

DECREE
For the foregoing reasons, we amend the April 21, 1992 judgment of the trial court to award damages in favor of Joseph Gautro and against LIGA in the principal amount of $19,800.00, and to award damages in favor of Arsane Gautro and against LIGA in the principal amount of $3,702.02, together with legal interest thereon from date of judicial demand on July 25, 1989, until paid, subject to any credits due LIGA for sums previously paid by LIGA to plaintiffs, Joseph and Arsane Gautro. In all other respects, the judgment is affirmed. Costs of this appeal are assessed equally between plaintiffs, Joseph and Arsane Gautro, and defendants, Tommy Pace and LIGA.
AMENDED, AND AS AMENDED, AFFIRMED.
NOTES
[1] The judgments of April 11, 1991 and June 10, 1991 were rendered by Judge Michael E. Ponder. However, the trial on rule and judgment rendered in accordance therewith involved in this appeal were before Judge Paul B. Landry, Jr., sitting pro tempore by order of the Louisiana Supreme Court.
[2] We note that in the amended judgment of June 10, 1991, the court also recognized Fidelity's liability for post-judgment interest on the $5,193.00 award in excess of the combined policy limits. However, the judgment on rule at issue in this appeal is silent on this issue. Silence in a judgment as to any part of a demand made in litigation is construed as rejection of that part of the claim. Erich Sternberg Realty Company, Inc. v. Louisiana Tax Commission, 560 So.2d 868, 876 n. 7 (La.App. 1st Cir.1990). Neither party has addressed this issue on appeal. Thus, we conclude the issue is not before us and decline to address it.
[3] Although not entirely clear from the record, the parties do not dispute that LIGA has tendered these principal amounts to Joseph and Arsane Gautro, together with legal interest from the date of Fidelity's insolvency. Thus, in calculating the amount ultimately due from LIGA to satisfy the judgment, LIGA would be entitled to a credit for these amounts.
[4] In fact, prior decisions by this court and other circuits specifically held that court costs and legal interest incurred prior to the insolvency of an insurer could be recovered from LIGA. See Morgan v. Allstate Insurance Company, 577 So.2d 225 (La.App. 1st Cir.1991); Pounders v. Champion Insurance Company, 572 So.2d 365 (La.App. 1st Cir.1990), writ denied, 576 So.2d 32 (La. 1991); Aramburo v. Travelers Insurance Company, 438 So.2d 274 (La.App. 4th Cir.), writ denied, 443 So.2d 1110 (La.1983).