1WATSON, Justice.[1]
This is a direct appeal from a trial court decision that Acts 651 and 958 of 1993, which amended LSA-R.S. 13:4521(A) to exempt the Louisiana Insurance Guaranty Association (LIGA) from prepayment of court costs, are unconstitutional.
JjLSA-R.S. 13:4521(A) provides:
Except as provided in R.S. 13:5112, R.S. 19:15 and 116, and R.S. 48:451.3, and as hereinafter provided, neither the state, nor any parish, municipality, nor other political subdivision, public board, or commission, nor any officer or employee of any such governmental entity when acting within the scope and authority of such employment or when discharging his official duties shall be required to pay court costs in any judicial proceeding instituted or prosecuted by or against the state, or any such parish, municipality, or other political subdivision, board, or commission, in any court of this state or any municipality of this state, including particularly but not exclusively those courts in the parish of Orleans and the city of New Orleans. This Section shall also apply to the Louisiana Insurance Guaranty Association and the Louisiana Life and Health Insurance Guaranty Association in any judicial proceeding instituted by or against them. This Section shall also apply to employees or agents of the state if they are named as defendants in a suit arising out of the course and scope of their employment or agency. Costs which are temporarily deferred pursuant to this Section cannot be *210 shifted to opposing parties during the pen-dency of such deferment.
The Clerk of Court, Jefferson Parish, Louisiana, demanded prepayment of court costs from LIGA, and LIGA filed a mandamus petition to compel compliance with the statutory exemption. The trial court found that the exemption did not further an appropriate state interest and declared Acts 661 and 968 unconstitutional. This direct appeal followed. LSA-Const. art. V, § 5(D).
The state, state agencies and political subdivisions are no longer immune from payment of court costs. LSA-Const. art. XII, § 10(A); Segura v. Louisiana Architects Selection Bd., 362 So.2d 498 (La.1978). Segura was | abased on the 1974 Constitution’s declaration that the State of Louisiana is not immune from liability in contract and tort. LSA-R.S. 13:4521(A) was later amended to provide that court costs due from the state and state agencies are “temporarily deferred”. Subsequently, LIGA was included.
Other statutory provisions explain the meaning of “temporarily deferred.” The costs are deferred only during litigation. After a final judgment, costs in a fixed dollar amount may be awarded against the state and political subdivisions. LSA-R.S. 13:5112(A) and (B).
LIGA is a private, nonprofit, unincorporated legal entity. LSA-R.S. 22:1380(A). LIGA is not a state instrumentality for any purpose. LSA-R.S. 22:1380(B). LIGA is not a public body but is required to have open meetings and keep public records. LSA-R.S. 22:1380(C). LIGA is supported by assessments on insurers, which are offset against their Louisiana tax liability. LSA-R.S. 22:1382.
LIGA is neither a person nor a corporation. It is a sui generis type of association, which was created:
... to provide a mechanism for the payment of covered claims under certain insurance policies to avoid excessive delay in payment and to avoid financial loss to claimants or policyholders because of the insolvency of an insurer, to assist in the detection and prevention of insurer insolvencies and to allow the association to provide financial assistance to member insurers under rehabilitation or liquidation, and to Lprovide an association to assess the cost of such operations among insurers.
LSA-R.S. 22:1376.
LIGA is liable for court costs. LSA-R.S. 22:1382(A)(l)(b). See Pounders v. Champion Ins. Co., 572 So.2d 365 (La.App. 1st Cir.1990), writ denied, 576 So.2d 32 (La.1991); Morgan v. Allstate Ins. Co., 577 So.2d 225 (La.App. 1st Cir.1991); Robichaux v. Randolph, 555 So.2d 581 (La.App. 1st Cir.1989), writ denied, 559 So.2d 127 (La.1990); Aramburo v. Travelers Ins. Co., 438 So.2d 274 (La.App. 4th Cir.), writ denied, 443 So.2d 1110 (La.1983). See also Oglesby v. Liberty Mut. Ins. Co., 832 P.2d 834 (Okl.1992).
Although LIGA is not a state agency, it is a legislative creation, which operates within legislative parameters. The legislature’s plenary power is only limited by the Louisiana Constitution. Radiophone, Inc. v. City of New Orleans, 93-0962 (La. 1/14/94), 630 So.2d 694. The legislature may give LIGA an exemption from prepayment of court costs if that exemption reasonably furthers any appropriate state interest. Sibley v. Board of Supervisors, 477 So.2d 1094 (La.1985).
LIGA was a legislative response to the problem of insurer insolvencies. Ursin v. Ins. Guatanty Ass’n, 412 So.2d 1285 (La.1982) (on rehearing); Senac v. Sandefer, 418 So.2d 543 (La.1982). According to testimony before the |5House Judiciary Committee (May 11, 1993), the insolvent insurers represented by LIGA have 40 percent of their claims in litigation.
Because LIGA is involved in so much litigation, the legislature determined that LIGA’s prepayment of court costs would be an unnecessary financial burden. Deferring court costs serves to protect LIGA’s solvency, an appropriate state interest. See Segura v. Frank, 93-1271, 630 So.2d 714 (La.1994). The deferment places a financial burden on Louisiana’s clerks of court, but the legislature determined that the state’s interest justifies that burden. Moreover, LIGA’s costs are only deferred or postponed until the litigation is concluded. The legislative decision that deferring LIGA’s court costs *211 furthers the state’s interest in protecting policyholders and claimants of insolvent insurers is not constitutionally deficient.
For the foregoing reasons, the judgment of the trial court is reversed and the matter is remanded to the trial court for issuance of a writ of mandamus directed to the Clerk of Court, Jefferson Parish, Louisiana.
REVERSED AND REMANDED.
CALOGERO, C.J., concurs.

. Pursuant to Rule IV, Part 2, § 3, Marvin, C.J., Court of Appeal, Second Circuit, sitting pro tem-pore for Dennis, J., was not on the panel which heard and decided this case. See the footnote in State v. Barras, 615 So.2d 285 (La.1993).