liYELVERTON, Judge.
By this appeal the Louisiana Insurance Guaranty Association (LIGA) seeks to have a judgment rendered against it reduced by application of the “non duplication of recovery” provisions of La.R.S. 22:1386. Finding that the benefits of the statute as it presently reads were not available to LIGA when this accident happened, we affirm the judgment of the trial court regarding the application of this l2statute. LIGA also seeks recognition of its $100 per claim deductible rights. To this extent we grant relief, and modify the judgment accordingly.
FACTS
The plaintiffs, Rebecca Breaux and her husband and two children, sued William Richardson, his liability insurer, Sovereign Fire & Casualty Insurance Company, and the Breauxs’ underinsured liability carrier, State Farm Mutual Automobile Insurance Company, for damages for an intersectional collision caused by Richardson. The accident happened on January 12, 1990. Suit was filed on January 9, 1991. In April 1991 the plaintiffs settled with their UM carrier, State Farm, for $3,000, and dismissed it from the ease.
After the settlement, Sovereign was declared insolvent in May 1991. The plaintiffs substituted LIGA in place of Sovereign in March 1992. After a trial on the merits, the trial judge found that Richardson, the other driver, was 100% at fault. The judgment rendered in favor of the plaintiffs awarded Rebecca Breaux special damages of $1,257.24 together with past and future pain and suffering of $7,950. The judgment also awarded her husband $1,000 for loss of consortium and each of her two children $500 for loss of consortium. The total amount of the damages was $11,207.24.
The Sovereign policy (LIGA) provided liability limits of $10,000/$20,000/$10,000. The plaintiffs’ UM policy provided limits of $10, 000/$20,000.
LIGA contended at trial, and re-urges on appeal that, under the non-duplication provisions of La.R.S. 22:1386, it is entitled to a credit of $10,000, less a | ¾$100 deductible, because of the UM coverage. Alternatively, it wants credit for $3,000, the amount of the settlement, less the $100 deductible.. As a third alternative relief, it asks for reduction of its liability to $9,900, the amount of the coverage afforded by Sovereign less the $100 deductible.
For reasons which follow, we agree with the trial court’s rulings as to all three of LIGA’s contentions. Finding, however, that LIGA is entitled to a $100 statutory deductible for each of the four covered claims asserted in this case, we amend the judgment by reducing it by a total of $400.
NONDUPLICATION OF RECOVERY
LIGA argues that it is entitled to a credit in the amount of $10,000, the amount of UM coverage available to the plaintiffs through State Farm. In the alternative, LIGA claims that it is entitled to a credit in the amount of $3,000, the amount of the settlement entered into between the Breauxs and State Farm.
LIGA exists to give some protection to claimants and policyholders because of the *1142 insolvency of an insurer. La.R.S. 22:1386(A) providing for non-duplication of recovery provides:
A. Any person having a claim against an insurer under any provision in an insurance policy, other than a policy of an insolvent insurer which is also a covered claim, shall be required first to exhaust his rights under such policy. Such other policies of insurance shall include but shall not be limited to liability coverage, uninsured or underinsured motorist liability coverage, or both, hospitalization, and other medical expense coverage. As to the association, any amount payable by such other insurance shall act as a credit against the damages of the claimant, and the association shall not be liable for such portion of the damages of the claimant.
RThe legislature passed Act 130 of 1990 which amended La.R.S. 22:1386 to require an injured claimant to first exhaust his UM coverage before recovering against LIGA. This amendment became effective on June 29, 1990. Prior to this amendment, the non-duplication provision of La.R.S. 22:1386 only applied to ordinary insurance coverage and did not apply to UM coverage. Hickerson v. Protective Nat. Ins. Co., 383 So.2d 377 (La.1980).
In Segura v. Frank, 93-1271, 93-1401 (La. 1/14/94); 630 So.2d 714, cert. denied, — U.S. -, 114 S.Ct. 2165, 128 L.Ed.2d 887 (1994), the supreme court held that this 1990 amendment applies prospectively only. This accident occurred on January 12, 1990, so the amendment does not apply in this case.
La.R.S. 22:1386 was amended again by Act 237 of 1992 which became effective on June 10, 1992, and provided that the “Act shall apply to all covered claims, as defined in R.S. 22:1379, pending on or arising on or after the effective date of this Act.” The supreme court in Segura, 630 So.2d 714, held that the 1992 amendment would apply retroactively if two requisites were met: (1) the claim had to be “pending” on June 10,1992; and (2) retroactive application of the amendment did not violate the federal and state constitutional prohibitions against impairment of contractual obligations or disturbance of vested rights.
The first circuit in Jarreau v. Hirschey, 93-1402 (La.App. 1 Cir. 12/7/94); 650 So.2d 1189, writ denied, 95-766 (La.5/12/95); 654 So.2d 348, held that the settlement of a claim by a motorist against his UM carrier prior to the date of adoption of the 1992 amendment had the authority of a judgment between the parties and the claim was not “pending” on the date of the adoption of the amendment. The 1992 amendment was not applied retroactively.
I sThe Breauxs settled their claim with State Farm on April 8, 1991, and State Farm was dismissed from the case on April 19, 1991. Therefore, the 1992 amendment to La.R.S. 22:1386 does not apply in this case since the Breauxs claim with State Farm was not “pending” on June 10, 1992, the effective date of the 1992 amendment.
Since neither the 1990 nor the 1992 amendment is applicable to the present case, LIGA is not entitled to credit for the UM coverage provided by State Farm nor for the settlement entered into between State Farm and the Breauxs.
The trial court found LIGA liable for total damages in the amount of $11,207.24. The trial court awarded Rebecca general damages in the amount of $7,950 and medical expenses in the amount of $1,257.24. Her husband received $1,000 in damages, and each of her children received $500 in damages.
LIGA is liable to automobile accident claimants only for the policy limits available under the applicable policies of the failed insurer. La.R.S. 22:1382(A)(1)(b); Gautro v. Fidelity Fire and Cas. Ins., 623 So.2d 106 (La.App. 1 Cir.), writ denied, 629 So.2d 413 (La.1993).
Sovereign Fire and Casualty’s policy is not a part of the record, so the only information we have regarding the application of the policy to the present case is the stipulation regarding the policy limits. Sovereign Fire and Casualty’s liability limits were $10,000/ $20,000/$10,000. There has been no argument made that Sovereign Fire and Casualty’s policy excludes coverage for the damages arising out of this accident. Assuming the policy would provide coverage to each of the *1143 plaintiffs for the damages they suffered as a result of the injuries to Rebecca, the | ¡jdamages awarded to the Breauxs do not exceed the $10,000 per person or $20,000 per accident limits provided by the policy.
CREDIT FOR DEDUCTIBLE
LIGA also claims that the trial court erred in failing to give it a credit for the statutory deductible of $100 per claim. La. R.S. 22:1382(A)(1)(a) provides that LIGA’s obligation shall include only that amount of each covered claim which is in excess of $100. Thus, LIGA was entitled to a $100 credit for each covered claim under the policy. See Gautro, 623 So.2d 106. In this case there are four covered claims under the policy, so LIGA is entitled to a $400 credit on the total judgment awarded by the trial court.
For the foregoing reasons, we amend the judgment of the trial court to award damages in favor of the Breauxs and against LIGA in the principal amount of $10,807.24, together with legal interest thereon from the date of judicial demand, until paid, subject to any credits due LIGA for sums previously paid by LIGA to plaintiffs. In all other respects, the judgment is affirmed. Costs of this appeal are assessed equally between plaintiffs and LIGA.
AMENDED, AND AS AMENDED, AFFIRMED.