DENNIS R. BAGNERIS, SR., Judge.
hThe plaintiff, Orleans Parish School Board and intervenors, Recovery School District, the Louisiana Department of Education, and the Board of Elementary and Secondary Education, appeal the partial motion for summary judgment granted in favor of the defendants, Westchester Surplus Lines Insurance Company and RSUI Indemnity Company, on the issue of flood coverage. Because we determine that the policies unambiguously excluded flood coverage, the judgment is affirmed.
FACTS AND PROCEDURAL HISTORY
Plaintiff, the Orleans Parish School Board (OPSB), filed suit against its primary insurance carrier, Lexington Insurance Company, and its excess insurance carriers, Essex Insurance Company, Clarendon Insurance Company, Westchester, and RSUI, for losses sustained in connection with Hurricane Katrina. The Louisiana Department of Education (DOE), the Board of Elementary and Secondary Education (BESE), and the Recovery School District (RSD) intervened in the lawsuit.
|2The insurance carriers, including West-chester and RSUI, filed partial motions for summary judgment on the issue of whether flood damage was an excluded peril under their policies.[1] In support of their motions, Westchester and RSUI attached copies of their insurance policies and cited language from their Excess Schedules and Forms that expressly excluded flood loss as a covered peril.
OPSB countered that the Westchester and RSUI policies were “follow form” policies which meant that their policies followed the conditions and coverages of the primary policy offered by Lexington. Therefore, it argued that the Westchester and RSUI policies offered limited flood coverage because the Lexington policy offered some flood coverage. OPSB also claimed that exceptions to exclusions that denied coverage in the Westchester and RSUI policies, in fact, afforded limited flood coverage. With reference to the Westchester policy, OPSB maintained that its Electronic Data Amendment endorsement, which generally excluded coverage for electronic data losses, provided flood coverage for electronic data losses that resulted from flood. OPSB asserted that RSUI policy’s Exclusion and Limited Additional Coverage for Fungus endorsement offered limited flood coverage for “fungus” damage caused by flood, in the event the flood coverage endorsement applied to the affected premises.
The trial court agreed that the West-chester and RSUI policies were “follow form” policies; however, it noted that the Westchester and RSUI policies expressly | sexcepted to the Lexington policy by excluding flood coverage. Hence, the trial court granted Westchester’s and RSUI’s motions for partial summary judgment, finding that the language used in each of *1208 their schedules expressly and unambiguously excluded coverage for all loss and damage resulting from the peril of flood.
In response, OPSB filed a Motion For New Trial. It re-urged its claim that the excess policies provided limited flood coverage. The trial court denied the motion. Thereafter, the trial court granted the unopposed motion of Westchester and RSUI to certify as final the judgment granting their motions for partial summary judgment. The certification judgment specifically found that there was no just reason for delay pursuant to Louisiana Code of Civil Procedure Article 1915(B). This devolutive appeal followed.
DISCUSSION
Appellate courts review the granting of summary judgment de novo under the same criteria governing the trial court’s consideration of whether summary judgment is appropriate. Under La. C.C.P. art. 966, a motion for summary judgment should be granted only if the pleadings, depositions, answers to interrogatories, admissions on file, and affidavits show there is no genuine issue of material fact and the mover is entitled to summary judgment as a matter of law. Dore v. Brignac, 00-1719, p. 3 (La.App. 4 Cir. 6/20/01), 791 So.2d 736, 738.
The interpretation of an insurance policy usually involves a legal question which can be resolved properly in the frame work of a motion for summary | ¿judgment. Bonin v. Westport Ins. Corp., 05-0886, p. 4 (La.5/17/06), 930 So.2d 906, 910. An insurance policy is a contract between the parties and should be construed using the general rules of interpretation of contracts set forth in the Civil Code. Bonin, pp. 4-5, 930 So.2d at 910.
OPSB’s assignments of error contend the trial court erred because endorsements in the Westchester and RSUI policies offered limited flood coverage. The Westchester flood coverage argument is premised on the position that although its Electronic Data Amendment Endorsement excludes coverage for “electronic data,” it also states: “This exclusion does not apply to loss or damage to ‘Electronic Data’ or ‘Electronic Media’ caused by or resulting from the Perils of ... Flood ... if and to the extent such Perils are already covered by this or by an underlying policy.” Therefore, OPSB surmises that because the primary Lexington policy afforded some flood coverage, Westchester provided flood coverage for electronic data or electronic media as a follow form policy.
OPSB’s claim that RSUI provides limited flood insurance is based on the policy’s Exclusion and Limited Additional Coverage for Fungus endorsement. The endorsement provides in part:
ADDITIONAL COVERAGE-Limited Coverage for “Fungus”, Wet Rot, Dry Rot and Bacteria
1. This limited coverage applies when the “fungus”, wet or dry rot or bacteria is the result of one or more of the following causes that occurs during the policy period ...
a. A “covered cause of loss” other than fire or lightning;
b. Flood, if the Flood Coverage Endorsement applies to the affected premises.
|fiIn interpreting an insurance policy, the court must determine the common intent of the parties. Carrier v. Reliance Ins. Co., 99-2573, p. 11 (La.4/11/00), 759 So.2d 37, 43, citing Louisiana Ins. Guar. Ass’n v. Interstate Fire & Casualty Co., 93-0911, p. 5 (La.1/14/94), 630 So.2d 759, 763. “An insurance policy should not be interpreted in an unreasonable or a strained manner so as to enlarge or to restrict its provisions beyond what is reasonably contemplated by its terms or so as *1209 to achieve an absurd conclusion.” Id. Words and phrases used in an insurance policy are to be construed using their plain, ordinary and generally prevailing meaning, unless the words have acquired a technical meaning. Cadwallader v. Allstate Ins. Co., 02-1637, p. 3 (La.6/27/03), 848 So.2d 577, 580. In applying these general precepts to the instant matter, we conclude that OPSB’s assignments of error lack merit.
With reference to the Westchester policy, the exception to the electronic data exclusion extends flood coverage “... if and to the extent such Perils are already covered by this or by an underlying policy.” In our review of the policy, there were no “perils” covered by the Westches-ter policy or an underlying policy to trigger flood coverage. We reject OPBS’s claim that Westchester offered electronic data flood coverage as a follow form policy to the underlying flood coverage offered by Lexington. This argument fails because an excess carrier is permitted to provide exceptions to coverage provided in a primary policy. Robichaux v. Randolph, 563 So.2d 226, 228 (La.1990). Here, the Westchester policy clearly excludes flood coverage. The policy states: “Perils Covered: All risk excluding flood ...” Thus, the plain language of the Westchester policy excludes any flood coverage. OPSB’s position strains to create flood coverage based on an exception to an exclusion that goes against the plain language of the policy to | r,exclude flood damages as a covered loss. We decline to create flood coverage out of an exclusion to an exception. As the Court reasoned in Magnon v. Collins, 98-2822, p. 8 (La.7/7/99), 739 So.2d 191, 197-198, “[T]o hold otherwise would defeat the intent of the parties by treating exclusions as inclusions.”
For similar reasons, we also find that RSUI’s “Exclusion and Limited Additional Coverage For Fungus” endorsement does not provide limited flood coverage. As with the Westchester policy, RSUI’s Excess Physical Damage Schedule expressly excludes coverage for flood risks. Next, to the extent that the Fungus Exclusion Endorsement could be interpreted to give limited coverage for fungus damage caused by flood, the endorsement only offers coverage if the “Flood Coverage Endorsement applies to the affected premises.” RSUI’s policy does not contain this Flood Coverage Endorsement. Thus, OPSB cannot claim RSUI provided it with limited flood coverage. RSUI does not have the required endorsement for fungus-related flood coverage and the policy expressly excepts to any flood coverage that may have been included in the Lexington policy.
This Court agrees with the trial court that the Westchester and RSUI policies unambiguously exclude coverage for all losses and damage resulting from the peril of flood. For the foregoing reasons, the judgment of the trial court granting partial summary judgment in favor of defendants, Westchester and RSUI, is affirmed.
AFFIRMED

. OPSB has settled its claims against Lexington, Clarendon, and Essex. This appeal relates only to the excess policies of insurers, Westchester and RSUI.