BAGNERIS, Judge.
The plaintiff/appellants, Arthur Dore, Jr. and Angela H. Dauth, appeal the summary judgment dismissal of their claim for uninsured/underinsured motorist (UM) coverage against Permanent General Assurance Corp., (“PGAC”) as the liability insurer of the vehicle owned and operated by the plaintiff, Angela H. Dauth. We affirm.

*738
FACTS

On November 28,1997, Jamie Dore, wife of Arthur Dore Jr., was driving her vehicle in a westbound direction on La. Hwy. 46 at a point west of its intersection with Palmi-sano Street, in St Bernard Parish, Louisiana. The vehicle was struck head on by another vehicle that was driven by Ronald M. Brignac who was traveling easterly on La. Hwy. 46 in St. Bernard Parish, Louisiana. Tiffany M. Dore and Brooke A. Dore, the minor children of Arthur Dore Jr., and Angela H. Dauth were guest passengers in the vehicle when it was struck and sustained injuries as a result of the accident.
LOn October 7, 1998, the plaintiffs/appellants filed a petition for Damages against Ronald M. Brignac and his insurer, American Deposit Insurance Company (“American Deposit”) and State Farm Mutual Insurance Company (“State Farm”). On November 12, 1999, the plaintiffs amended their petition and named PGAC as a defendant. The amended and supplemental petition alleged that the policy provided by PGAC provided underinsured motorists coverage to Angela H. Dauth and because the minor child Brooke Dore was a family member and lived in the residence of her mother, Angela H. Dauth, the minor child was entitled to coverage under the policy.
On April 6, 2000, PGAC filed a motion for summary judgment and a memorandum in support of its motion. On April 24, 2000, the plaintiffs filed a memorandum in opposition to the defendant’s motion for summary judgment. On June 16, 2000, the trial court conducted a hearing on the motion for summary judgment. The motion for summary judgment was granted in favor of PGAC; the trial court ruled the uninsured motorist rejection form signed by Angela H. Dauth was valid and complied with Louisiana Law. The plaintiffs appeal from the trial court’s judgment.

DISCUSSION

On appeal, the plaintiffs contend the trial court erred in granting the defendant’s motion for summary judgment and dismissing the plaintiffs’ UM coverage claim. The plaintiffs contend the UM rejection form provided by PGAC is invalid to constitute a waiver under Louisiana law because it is unclear and does ¡«not provide the insured with the opportunity to make a meaningful selection of the required three options.
The issue in this appeal is whether the execution of the rejection form for uninsured motorist coverage by Angela H. Dauth used by PGAC was a valid rejection of UM coverage that would be provided to the plaintiffs by operation of law pursuant to LSA-R.S. 22:1406.
Appellate courts review the granting of summary judgment de novo under the same criteria governing the trial court’s consideration of whether summary judgment is appropriate. Under La.Code Civ. Proc. art. 966, a motion for summary judgment should be granted only if the pleadings, depositions, answers to interrogatories, admissions on file, and affidavits show there is no genuine issue of material fact and the mover is entitled to judgment as a matter of law. Tugwell v. State Farm Ins. Co., 609 So.2d 195, 197 (La.1992). A dispute as to whether, as a matter of law, an insurance policy provides or precludes coverage to a party can be properly resolved within the framework of a motion for summary judgment. Garcia v. Certified Lloyds Ins. Co., 598 So.2d 1278, 1280 (La.App. 4 Cir.), writ denied, 604 So.2d 969 (La.1992); Lefeaux v. Taylor, 97-0332(La.App. 4 Cir.9/24/97) 700 So.2d 1027.
LSA-R.S. 22:1406(D) requires insurers to provide uninsured motorist coverage for *739 at least the limits of bodily injury liability coverage provided by the policy. UM coverage is not required when the insured named in the policy rejects the coverage. A valid rejection must be in writing and signed by the named insured or his legal representative.
l/The insurer must place the insured in a position to make an informed rejection of UM coverage. The form used by the insurance company must give the applicant the opportunity to make a meaningful selection from the options provided by statute, which are: (1) UM coverage equal to the bodily injury limits in the policy; (2) UM coverage lower than the bodily injury limits in the policy; or (3) no UM coverage. Tugwell, supra. at 197.
The purpose of legislation governing UM coverage is to promote full recovery for innocent automobile accident victims by making UM coverage available for their benefit. The statute is to be liberally construed and statutory exceptions to the coverage requirement are to be interpreted strictly. Any exclusion from coverage in an insurance policy must be clear and unmistakable. The insurer bears the burden of proving any insured named in the policy rejected in writing UM coverage equal to the bodily injury limits or selected lower limits. Id.
In the instant case. The disputed form provides:
*740 UNINSURED/UNDERINSURED MOTORIST SELECTION FORM
INSURED NAME_POLICY NO_
SECTION I MUST BE COMPLETED AND SIGNED SECTION 1 UNINSURED/UNDERINSURED MOTORIST BODILY INJURY COVERAGE
Louisiana Senate Bills 62 and 120, effective September 10, 1977, requires that all automobile liability policies issued or delivered in this state shall afford Uninsured Motorist coverage of amounts not less than the limits of Bodily injury liability provided by the policy unless the inured shall reject such coverage or select higher or lower limits.
IsPLEASE SELECT ONE OF THE FOLLOWING:
__I HEREBY REJECT UNINSURED/UNDERINSURED MOTORIST PROTECTION.
_I SELECT UNINSURED/UNDERINSURED MOTORIST COVERAGE LIMITS EQUAL TO THE BODILY INJURY LIMITS OF MY POLICY.
_I SELECT UNINSURED/UNDERINSURED MOTORIST COVERAGE AT LIMITS OF $_
THIS REQUEST APPLIES TO THIS POLICY AND SUBESEQUENT RENEWALS.
DATE NAMED INSURED SIGNATURE
SECTION II IS TO BE COMPLETED ONLY IF ONE OR MORE VEHICLE ARE NOT AFFORDED COLLISION COVERAGE
SECTION II UNINSURED MOTORIST PROPERTY DAMAGE COVERAGE
Louisiana law, Act 439, effective September 1, 1987, provides for the purchase of Uninsured Motorist property damage coverage on vehicles for which collision coverage is not afforded. PLEASE SELECT ONE OF THE FOLLOWING
_I HEREBY REJECT UNINSURED MOTORIST PROPERTY DAMAGE COVERAGE.
_I HEREBY REQUEST UNINSURED MOTORIST PROPERTY DAMAGE COVERAGE WHICH IS TO BE INCORPORATED ONTO THE POLICY WITH MY INSURED MOTORIST BODILY INJURY COVERAGE.
|i;THIS UNINSURED MOTORIST PROPERTY DAMAGE COVERAGE ONLY APPLIES TO THE VEHICLE (S) LISTED ON MY POLICY AS FOLLOWS: YEAR MAKE VEHICLE ID NUMBER I understand that the Uninsured Motorist property damage coverage is subject to a $250 deductible per accident with a maximum of $10,000 per vehicle.
THIS REQUEST APPLIES TO THIS POLICY AND SUBSEQUENT RENEWALS, UNLESS AMENDED BY ANOTHER SELECTION FORM SENT TO THE COMPANY.
DATE
NAMED INSURED SIGNATURE
*741 The plaintiffs contend the form does not meet the legal requirements for a valid waiver because it fails to inform the insured that “no action will be taken”, which means that it is the rejection of Uninsured/Underinsured Motorist coverage, not the acceptance, that must be affirmative act of the insured. The plaintiffs argue that the “acceptance of the coverage does not require any affirmative action by the insured.” Further, the plaintiffs contend the form fails to notify the insured and therefore is invalid and unacceptable. We disagree.
After careful review of this record in its entirety, we find PGAC policy informs the insured of three available options from which to select,
|7(1) Reject Uninsured/Underinsured motorist coverage.
(2) Accept Uninsured/Underinsured motorist coverage limits equal to the bodily injury limits of the policy.
(3) Select Uninsured/ Underinsured Motorist coverage with limits set by the insured.
Further, we find that the policy clearly informs the insured that Uninsured/Un-derinsured Motorist coverage equal to the bodily injury limits is automatically provided by law unless the insured rejects the coverage or select lower limits. Clearly, the PGAC rejection form gave the insured a clear meaningful choice between her legal options and no legal option. The form PGAC used meets the requirements of LSA-R.S. 22:1406.
Furthermore, the initial of burden of proof for a motion for summary judgment is on the movant in this case, PGAC. PGAC sustained their burden of proof and the burden shifted to the plaintiffs, to show that a genuine issue of material fact exists. The plaintiffs failed to sustain their burden of proof. As required by LSA-C.C. P. art. 966.
Accordingly, we find no error in the trial court’s finding that PGAC is entitled to judgment as a matter of law that there was a valid rejection of the UM coverage in the policy in question. The judgment of the trial court is affirmed.

AFFIRMED.