MAX N. TOBIAS, JR., Judge.
hThe defendant, United States Fidelity & Guaranty Company (“USF & G”), appeals the trial court’s granting of partial summary judgment in favor of the plaintiffs, Frank and Lavinzale Batiste (collectively, “the Batistes”), finding coverage under a commercial general liability (“CGL”) policy issued by USF & G to SMG Crystal, LLC (“SMG”), under which the City of New Orleans (“the City”) is an additional insured, for fatal injuries resulting from an alleged trip and fall accident occurring at the Mahalia Jackson Theater of Performing Arts (“the Theater”) in New Orleans. For the following reasons, we affirm the trial court’s judgment.
PROCEDURAL HISTORY AND FACTUAL BACKGROUND
The plaintiffs’ decedent, Maggie Batiste, sustained a severe ankle fracture necessitating surgery while attending a high school graduation ceremony sponsored by the Orleans Parish School Board (“OPSB”) held in the Theatre when she descended a stairwell of steps located in the balcony seating area. While recovering from her ankle surgery, Ms. Batiste developed a pulmonary embolism resulting in her death.
12Prior to the accident, the City, owner of the Theater, entered into a Management Agreement (“the Agreement”) with SMG for the management and operation of the Theater. The Agreement required SMG to secure and keep in force at all times during the term of the Agreement a CGL policy of insurance, including public liability and property damage, covering the premises and operations identified in the Agreement, and naming the City as an additional insured. In accordance with the Agreement, SMG procured the requisite CGL policy[1] through USF & G. USF & G does not contest that the City is an additional insured under the policy.
Following the accident, the decedent’s surviving spouse and daughter filed suit, naming as defendants, the owner (the City), the operator (SMG), and lessee *802 (OPSB) of the Theater, asserting that the fault of each defendant caused and/or contributed to the decedent’s fall, fracture, and eventual death. Thereafter, the Ba-tistes filed a supplemental and amending petition asserting a direct action against USF & G as the insurer for both SMG and the City. The Batistes then moved for partial summary judgment asserting that the policy of insurance issued by USF & G to SMG, under which USF & G concedes that the City is an additional insured, provides coverage for the liabilities of the City arising out of SMG’s operations. In granting the plaintiffs’ motion, the trial court held as follows:
The Court hereby finds that USF & G does provide coverage for the liabilities of the City of New Orleans arising out of the operations of SMG Crystal, LLC. As Maggie Batiste was allegedly injured at an event conducted pursuant to a Use License Agreement between SMG Crystal, LLC and Orleans Parish School Board, the Court finds that the alleged liability of the City of New |sOrleans arose out of SMG Crystal, LLC’s operation of the theatre within the meaning of USF & G’s policy.
USF & G timely filed the instant appeal asserting that the City’s additional insured status exists only with respect to liabilities arising out of SMG’s operations and, because the accident was purportedly caused by an alleged structural defect in the configuration of the stairwell at issue coupled with poor lighting in the area, these alleged liabilities did not arise out of SMG’s operations of the Theater. Consequently, USF & G contends its policy does not afford coverage to the City under the facts and circumstances presented by this case. We disagree.
DISCUSSION
An appellate court reviews summary judgments de novo using the same criteria that governs the district court’s determination of whether summary judgment is appropriate, determining whether any genuine issue of material fact exists, and whether the mover is entitled to judgment as a matter of law. Bonin v. Westport Ins. Corp., 05-0886, p. 4 (La.5/17/06), 930 So.2d 906, 910. A dispute as to whether, as a matter of law, an insurance policy provides or precludes coverage to a party usually involves a legal question which can be resolved in the framework of a motion for summary judgment. Dore v. Brignac, 00-1719, p. 3 (La.App. 4 Cir. 6/20/01), 791 So.2d 736, 738.
In Bonin, pp. 4-6, 930 So.2d at 910-911, the Court outlined the elementary principles for construing insurance policies, stating:
An insurance policy is a contract between the parties and should be construed using the general rules of interpretation of contracts set forth in the Civil Code. The judicial responsibility in interpreting insurance contracts is to determine the parties’ common intent. Words and phrases used in an insurance policy are to be construed using their plain, ordinary and generally | ^prevailing meaning, unless the words have acquired a technical meaning.
An insurance policy should not be interpreted in an unreasonable or a strained manner so as to enlarge or to restrict its provisions beyond what is reasonably contemplated by its terms or so as to achieve an absurd conclusion. Unless a policy conflicts with statutory provisions or public policy, it may limit an insurer’s liability and impose and enforce reasonable conditions upon the policy obligations the insurer contractually assumes.
If after applying the other general rules of construction an ambiguity re *803 mains, the ambiguous contractual provision is to be construed against the insurer and in favor of coverage. Under this rule of strict construction, equivocal provisions seeking to narrow an insurer’s obligation are strictly construed against the insurer. [Internal citations omitted.]
The issue presented on this appeal is the coverage, if any, of the City as an additional insured under the CGL policy for the injuries sustained by the plaintiffs? decedent. The USF & G policy provides that USF & G “will pay those sums that the insured becomes legally obligated to pay as damages because of ‘bodily injury5 or ‘property damage’ to which the insurance applies.” The USF & G policy defines “Who Is An Insured” as follows: (1) SMG is an insured; (2) SMG’s members are insureds with respect to the conduct of the business; (3) SMG’s managers are insureds with respect to their duties as managers for the business; and (4) SMG’s employees are insureds for acts within the scope of their employment or the performance of duties related to the conduct of the business. This provision, however, is modified by an endorsement to the policy entitled, “Additional Insured — Managers or Lessors of Premises,” which provides:
| ^COMMERCIAL GENERAL LIABILITY PARTY
Schedule
1. Designation of Premises (Part Leased to or used by You): All venues managed by the First Named Insured.
2. Name of Person or Organization (Additional Insured): Owners, managers and lessors of Designated Premises.
[[Image here]]
WHO IS-AN INSURED (Section II) is amended to include as an insured the person or organization shown in the Schedule, but only with respect to liability arising out of your operations with respect to your use of that part of the premises leased to you or which you have otherwise been permitted to use and shown in the Schedule and subject to the following additional exclusions.[2] This insurance does not apply to:
1. Any “occurrence” which takes place after you cease to be a tenant in that premises.
2. Structural alterations, new construction or demolition operations performed by or on behalf of the person or organization shown in the Schedule.
It is undisputed that the decedent’s trip and fall accident at the Theater occurred while (a) the Agreement between the City and SMG was in effect and (b) the USF & G policy of which the City was a named insured was in full force and effect. The record reflects that SMG leased the Theater to OPSB for purposes of hosting the high school graduation event pursuant to a Use License Agreement. | (¡The lease of the Theater by SMG to OPSB arose out of SMG’s normal business operations as contemplated by the Agreement between SMG and the City. Moreover, the decedent fell sustaining injury in the balcony area of the Theater, which was on a part of the premises that SMG had been permit *804 ted to use pursuant to its Agreement with the City and as contemplated by the specific language contained in USF & G’s policy endorsement.
Accordingly, we find that the decedent’s use of the steps upon which she fell sustaining injury was incidental to the graduation event, since the graduation could not have effectively taken place without providing ingress and egress to its attendees. The graduation event is what brought the decedent to the Theater and required her to use the steps upon which she fell in order to reach her seat in the balcony area. See Haylock v. Jerusalem Temple Ancient Arabbie Order of Noble of Mystic Shrine, 578 So.2d 999, 1001-1002 (La.App. 4th Cir.1991); Baker v. Sears, Roebuck & Co., 32,651, 32,767, pp. 5-7 (La.App. 2 Cir. 3/3/00), 753 So.2d 1011, 1014-1015. As SMG’s lease of the Theater to OPSB for the graduation arose out of SMG’s business operations, and the decedent’s use of and subsequent fall on the steps, which occurred on a part of the premises that SMG was permitted to use, was incidental to the graduation, we conclude that the liability of the City, if any, for the decedent’s injuries arose out of SMG’s business operations, thereby triggering coverage under USF & G’s policy to the City as an additional insured.
Our review of the USF & G policy leads us to conclude that the policy does not limit coverage to the City as an additional insured solely to instances where SMG is found to be at fault, but rather, provides coverage to the City for its own fault as long as the accident causing injury arose out of SMG’s operations. SMG’s operations included the rental of the Theater for high school graduations such as 17the rental at issue in this case. As a part of its operations, and in accordance with the terms of the Agreement, SMG was responsible for staffing the graduation event with ushers and security to assist attendees. USF & G erroneously states that the Ba-tistes’ allegations of fault are unrelated to SMG’s operations, but rather, “only concern an injury caused by the physical aspects of the leased premises” over which SMG had no authority to change or modify. To the contrary, however, in the petition for damages, an allegation is made that the decedent’s fall was caused, in part, due to a failure to warn and a failure to provide adequate ushers during the graduation event. We conclude that the alleged liability of the City, if any, for failing to warn patrons of potential defects and/or about dangerous conditions existing on the premises of the Theater (i.e., the allegedly dangerously configured steps upon which the decedent fell), and for failing to position sufficient ushers and/or security to assist patrons attending events held in the Theater, clearly arises out of SMG’s operations of the Theater within the meaning of the USF & G policy. Accordingly, we affirm the trial court’s determination that, if found liable for the injuries sustained by the Batistes’ decedent, USF & G’s policy provides coverage to the City as an additional insured.[3]
CONCLUSION
For the foregoing reasons, the judgment of the trial court is affirmed, and this case is remanded to the trial court for further proceedings consistent with this opinion.

AFFIRMED.

. CGL policies are designed to protect the insured against losses to third parties that arise out of the insured’s business operations. 9 Lee R. Russ and Thomas F. Segalla, Couch on Insurance 3d, § 129:2 (1997).

. According to Couch on Insurance, “[i]f a liability insurer fails to define additional insured? so that coverage is provided only to the extent that the additional insured is held liable for the named insured's acts or omissions arising out of and in the course of operations, but grants coverage for liability arising out of the named insured's work, the additional insured is covered without regard to whether injury was caused by the named insured or the additional insured.” See 9 Couch on Ins. § 126:7.

. In granting the Batistes’ motion for partial summary judgment, the trial court’s ruling was limited solely to a finding of coverage as to the City as an additional insured under the USF & G policy. No fault determinations were made by the trial court as the issue of fault for the accident was not before the court.