JOY COSSICH LOBRANO, Judge.
| j Festival Productions, Inc. — New Orleans (“FPINO”) appeals the June 4, 2014 trial court judgment granting summary judgment in favor of Maryland Casualty Company (“MCC”) and against FPINO and plaintiff, Deborah Daniels, on the issue of insurance coverage, and dismissing all claims against MCC with prejudice. MCC answered the appeal, arguing that FPI-NO’s appeal is frivolous, and that FPINO should be ordered to pay all costs and attorney fees incurred by MCC in connection with this appeal.
In June 2006, plaintiff, Deborah Daniels, filed a lawsuit in Orleans Parish, alleging that she sustained injuries after slipping and falling on an unknown substance while attending the Essence Festival at the Louisiana Superdome on July 3, 2005. The parties named as defendants included SMG Crystal, L.L.C. (“SMG”), the Louisiana Stadium & Exposition District (“LSED”), the State of Louisiana, Essence Festivals, L.L.C. (“Essence”) and FPINO. In addition to the above-named defendants, plaintiff also named as defendants the defendants’ insurers, including MCC, who was named as the insurer of FPINO.
IpMCC originally filed a motion for summary judgment against FPINO and plaintiff on June 2, 2011, arguing that its policy insuring FPINO did not cover damages for plaintiffs accident because the Superdome was not one of the designated premises covered under the policy. On November 4, 2011, FPINO filed a cross-claim against MCC and Essence, alleging that as an insured under MCC’s policy, FPINO was owed a defense and indemnity by MCC, which MCC refused to provide. On April 3, 2012, FPINO filed a motion for summary judgment against MCC, on the issue of insurance coverage. On November 2, 2012, the trial court denied MCC’s June 2011 motion for summary judgment, and granted FPINO’s April 2012 motion for summary judgment. At the September 28, 2012 hearing on those motions, the trial court stated at the end of the hearing that MCC’s “commercial liability policy ... ambiguously fails to exclude coverage in this case.”
MCC subsequently filed a motion for new trial from the trial court’s November 2, 2012 judgment granting summary judgment in favor of FPINO and denying MCC’s motion for summary judgment. On March 5, 2013, the trial court granted MCC’s motion for new trial, reversed its prior ruling and granted summary judgment in favor of MCC. In reasons for judgment, the trial court found that: (1) MCC’s policy provided coverage to FPINO only for two locations (336 Camp Street and 938 Moss Street); (2) because of the designated premises endorsement, there is no coverage for the Superdome; and (3) Essence is not an additional insured under the policy, because the policy’s contractual liability exclusion precludes coverage for contracts that assume liability for other parties.
LFPINO appealed the March 5, 2013 judgment, and this Court vacated the judgment on procedural grounds and remanded the case to the trial court for further proceedings. Daniels v. SMG Crystal, L.L.C., et al., 13-0761 (La.App. 4 Cir. 12/4/13), 128 So.3d 1272.[1] This Court concluded that the trial court’s November 2, 2012 judgment, denying MCC’s motion for summary judgment, “was an interlocutory order and our law recognizes no procedure for obtaining a new trial on a denial of a motion for summary judgment.” Id., p. 9, 128 So.3d at 1277 (citing Carter v. Rhea, 01-0234, p. 5 (La.App. 4 Cir. *1250 4/25/01), 785 So.2d 1022, 1025.) Citing Magallanes v. Norfolk Southern Ry. Co., 09-0605, p. 5 (La.App. 4 Cir. 10/14/09), 23 So.3d 985, 989, this Court found that “the trial court in this matter erred as a matter of law by reconsidering the denial of the motion for summary judgment through the procedural vehicle of a motion for new trial and in rendering summary judgment, dismissing Maryland [MCC] from this lawsuit with prejudice.” Id., p. 11, 128 So.3d at 1277-1278. This Court noted that in Ma-gallanes, this Court held that “[t]he proper procedure for obtaining reconsideration of the motion for summary judgment which has been denied is to re-urge the motion itself by re-filing it prior to trial.” Id., p. 10, 128 So.3d at 1277.
On remand, MCC again filed a motion for summary judgment against plaintiff and FPINO on the issue of insurance coverage for the accident at issue in this lawsuit. FPINO opposed MCC’s re-urged motion for summary judgment, and alternatively, filed its own motion for summary judgment. On June 4, 2014, | 4following a hearing, the trial court granted MCC’s motion for summary against plaintiff and FPINO on the issue of insurance coverage, and dismissed all claims against MCC with prejudice. In that same judgment, the trial court also denied FPINO’s motion-for summary judgment. FPINO now appeals.
On appeal, FPINO argues that the trial court erred in granting MCC’s re-urged motion for summary judgment, which dismissed FPINO’s claims against MCC for insurance coverage, defense and bad faith damages related to MCC’s alleged coverage of claims made by plaintiff against FPINO for damages resulting from plaintiff’s July 3, 2005 accident at the Essence Festival in the Louisiana Superdome.[2] At the conclusion of the hearing on MCC’s re-urged motion for summary judgment, the trial court stated its finding that MCC’s commercial liability policy unambiguously excludes coverage for the site of plaintiff’s fall (the Louisiana Superdome). The court found that the common intent of the insured and the insurer was to provide liability coverage for FPINO for injuries arising out of the use of two locations, 336 Camp Street and 938 Moss Street, both in New Orleans. Noting that the policy contains a designated premises endorsement, which expressly limits coverage to those two locations, the trial court found that the site of plaintiffs accident, the Louisiana Superdome, which is located at 1500 Poy-dras Street in New Orleans, is not an insured premise under the MCC policy. Accordingly, the trial court found that there is no genuine issue of material fact that no coverage is available for plaintiff’s damages under FPINO’s policy with MCC.
|sThe court further stated that this finding is supported by the designated premises endorsement, as well as the amount of the renewal premium paid for the policy, which the court found to appear insufficient for liability coverage for the Louisiana Superdome, which was hosting the Essence Festival where plaintiffs accident occurred. The trial court said that the same reasoning applies to FPINO’s request for MCC to provide a defense in this action. Because the MCC policy in effect at the time of the incident excludes coverage for plaintiffs claim, the court found that MCC owed no duty to defend FPINO in this matter. Additionally, the MCC policy at issue contains an unambiguous contractual liability exclusion that precludes coverage for contracts that assume liability for other parties.
*1251 In reviewing summary judgments, an appellate court applies the de novo standard of review, using the same criteria that govern the trial court’s determination of whether summary judgment is appropriate; i.e. whether there is any genuine issue of material fact, and whether the movant is entitled to judgment as a matter of law. Samaha v. Rau, 2007-1726, pp. 3-4 (La.2/26/08), 977 So.2d 880, 882 (citations omitted). “A dispute as to whether, as a matter of law, an insurance policy provides or precludes coverage to a party usually involves a legal question which can be resolved in the framework of a motion for summary judgment.” Batiste v. City of New Orleans, 11-1168, p. 3 (La.App. 4 Cir. 2/29/12), 85 So.3d 800, 802 (citing Dore v. Brignac, 00-1719, p. 3 (La.App. 4 Cir. 6/20/01), 791 So.2d 736, 738.)
In Bonin v. Westport Ins. Corp., 05-0886 (La.5/17/06), 930 So.2d 906, the Louisiana Supreme Court summarized the principles for construing insurance policies as follows:
An insurance policy is a contract between the parties and should be construed using the general rules of interpretation of contracts set forth in the Civil Code. Cadwallader v. Allstate Ins. Co., 02-1637, p. 3 (La.6/27/03), 848 So.2d 577, 580; Louisiana Ins. Guar. Ass’n v. Interstate Fire & Casualty Co., 93-0911, p. 5 (La.1/14/94), 630 So.2d 759, 763. The judicial responsibility in interpreting insurance contracts is to determine the parties’ common intent. La. C.C. art.2045; Louisiana Ins. Guar. Ass’n, 93-0911 at p. 5, 630 So.2d at 763; Garcia v. St. Bernard Parish School Board, 576 So.2d 975, 976 (La.1991). Words and phrases used in an insurance policy are to be construed using their plain, ordinary and generally prevailing meaning, unless the words have acquired a technical meaning. La. C.C. art.2047; Cadwallader, 02-1637 at p. 3, 848 So.2d at 580; Carbon v. Allstate Ins. Co., 97-3085, p. 4 (La.10/20/98), 719 So.2d 437, 439.
An insurance policy should not be interpreted in an unreasonable or a strained manner so as to enlarge or to restrict its provisions beyond what is reasonably contemplated by its terms- or so as to achieve an absurd conclusion. Carrier v. Reliance Ins. Co., 99-2573, pp. 11-12 (La.4/11/00), 759 So.2d 37, 43 (quoting Louisiana Ins. Guar. Ass’n, 93-0911 at p. 5, 630 So.2d at 763). Unless a policy conflicts with statutory provisions or public policy, it may limit an insurer’s liability and impose and enforce reasonable conditions upon the policy obligations the insurer contractually assumes. Carbon, 97-3085 at p. 5, 719 So.2d at 440; Louisiana Ins. Guar. Ass’n, 93-0911 at p. 6, 630 So.2d at 763.
If after applying the other general rules of construction an ambiguity remains, the ambiguous contractual provision is to be construed against the insurer and in favor of coverage. Cadwallader, 02-1637 at p. 3, 848 So.2d at 580; Carrier, 99-2573 at p. 12, 759 So.2d at 43-44. Under this rule of strict construction, equivocal provisions seeking to narrow an insurer’s obligation are strictly construed against the insurer. Louisiana Ins. Guar. Ass’n, 93-0911 at p. 6, 630 So.2d at 764; Garcia, 576 So.2d at 976. That strict construction principle, however, is subject to exceptions. Cadwallader, 02-1637 at p. 3, 848 So.2d at 580; Carrier, 99-2573 at p. 12, 759 So.2d at 43-44. One of these exceptions is that the strict construction rule applies only if the ambiguous policy provision is susceptible to two or more reasonable interpretations. Cadwallader, 02-1637 at p. 3, 848 So.2d at 580; Carrier, 99-2573 at p. 12, 759 So.2d at 43-44. For the rule of strict construction to apply, the insurance policy must be not only *1252 susceptible to two or more interpretations, but each of the alternative interpretations must be reasonable. Cadwallader, 02-1637 at p. 3, 848 So.2d at 580; Carrier, 99-2573 at p. 12, 759 So.2d at 43-44.
Bonin, 05-0886, pp. 4-6, 930 So.2d at 910-11.
With regard to an insurer’s duty to defend, this Court has stated: “Generally the insurer’s obligation to defend suits against its insured is broader than its liability for damage claims.” Mossy Motors, Inc. v. Cameras America, 04-0726, p. 5 (La.App. 4 Cir. 3/2/05), 898 So.2d 602, 606 (citing American Home Assurance Company v. Czarniecki, 255 La. 251, 230 So.2d 253 (La.1969)). “The insurer’s duty to defend suits is determined- by the allegations of the petition, with the insurer being obligated to furnish a defense unless the petition unambiguously excludes coverage.” Id.
The MCC insurance policy at issue, which listed FPINO as its insured, was in effect from March 6, 2005 until March 6, 2006. The date of plaintiffs accident was July 3, 2005. The policy’s declarations page included a provision stating:
Limitation of Coverage to Designated Premises
Schedule:
All Premises Described in the Commercial General Liability Coverage Part Schedule.
In the section entitled “Commercial General Liability Schedule,” the policy listed two location addresses: (1) 336 Camp Street, New Orleans, LA and (2) 938 Moss Street, New Orleans, LA. An endorsement to the Commercial General Liability Coverage part states, in pertinent part: “This insurance applies only to ‘bodily injury’, ‘property damage’, ‘personal and advertising injury’ and medical expenses | «arising out of ... The ownership, maintenance or use of the premises shown in the Schedule and operations necessary or incidental to those premises.”
In opposing MCC’s motion for summary judgment, FPINO submitted a document entitled “Certificate of Liability Insurance,” which was supplied to FPINO by its insurance agent, Martin Insurance Agency, Inc., and which included language that “additional coverages will apply for insureds doing work for 2005 Essence Festival only.” However, at the top of the Certificate of Liability Insurance, in bold print, is the following:
THIS CERTIFICATE IS ISSUED AS A MATTER OF INFORMATION ONLY AND CONFERS NO RIGHTS UPON THE CERTIFICATE HOLDER. THIS CERTIFICATE DOES NOT AMEND, EXTEND OR ALTER THE COVERAGE AFFORDED BY THE POLICIES BELOW.
The Certificate of Liability Insurance was dated June 9, 2005, and referenced the MCC policy at issue covering FPINO, which was already in effect (having become effective on March 6, 2005, and with an expiration date of March 6, 2006.) Above the section listing the effective and expiration dates of the policy in effect when the Certificate of Liability Insurance was issued, is the statement:
THE POLICIES OF INSURANCE LISTED BELOW HAVE BEEN ISSUED TO THE INSURED NAMED ABOVE FOR THE POLICY PERIOD INDICATED, NOTWITHSTANDING ANY REQUIREMENT, TERM OR CONDITION OF ANY CONTRACT OR OTHER DOCUMENT WITH RESPECT TO WHICH THIS CERTIFICATE MAY BE ISSUED OR MAY PERTAIN, THE INSURANCE AFFORDED BY THE POLICIES DESCRIBED HEREIN IS SUBJECT TO ALL THE TERMS, EXCLUSIONS AND CONDITIONS OF SUCH POLI *1253 CIES. AGGREGATE LIMITS SHOWN MAY HAVE BEEN REDUCED BY PAID CLAIMS. (Emphasis added.)
We conclude that the language in the Certificate of Liability Insurance issued by FPINO’s insurance agent did not alter the MCC policy at issue to |9provide coverage to FPINO for plaintiffs July 3, 2005 accident at the Essence Festival in the Louisiana Superdome. Nowhere in the policy itself is the Essence Festival or operations relating thereto or 1500 Poydras Street, New Orleans, Louisiana (the address of the Louisiana Superdome) listed as being covered under the policy. Furthermore, there is no evidence in the record that the policy was ever amended to provide additional coverage for FPINO’s work related to the 2005 Essence Festival. In fact, Clyde Milam, who handled FPINO’s insurance policies at the time, confirmed in his deposition that his company never issued a policy to FPINO providing additional coverage for the 2005 Essence Festival.
The language relied upon by FPINO to support their argument that the policy covered FPINO for its work related to the 2005 Essence Festival was included only in the June 9, 2005 Certificate of Liability Insurance, which clearly stated that the information contained therein was for information only, and did not amend, extend or alter the policies listed on the Certificate, i.e., the MCC policy providing coverage to FPINO from March 6, 2005 to March 6, 2006. See All Crane Rental of Georgia, Inc. v. Vincent, et al., 10-0116 (La.App. 1 Cir. 9/10/10), 47 So.3d 1024; Arch Specialty Ins. Co. v. C & G Construction of Louisiana, Inc., 2014 WL 3662837 (E.D.La.7/23/14). We agree with the trial court that the designated premises endorsement to the MCC policy expressly and unambiguously limits coverage for injuries arising out of the ownership, maintenance and use of only the two designated premises — 336 Camp Street and 938 Moss Street in New Orleans, Louisiana.
Because the site of plaintiffs accident, the Louisiana Superdome, was not one of the designated premises covered under the MCC policy, and because FPINO did not obtain additional coverage for its work related to the 2005 Essence | inFestival, there is no question of fact that the policy did not provide coverage to FPINO for damages related to plaintiffs July 3, 2005 accident at the Essence Festival in the Louisiana Superdome. Furthermore, because the MCC policy unambiguously excludes coverage for the’ accident at issue, MCC had no duty to defend FPINO in this litigation. Therefore, MCC is entitled to summary judgment, and dismissal of all claims against it in this matter.
In MCC’s answer to FPINO’s appeal, it argues that FPINO’s appeal is frivolous and, therefore, under Rule 2-19 of the Uniform Rules — Courts qf Appeal, MCC is entitled to an award of costs and attorney fees incurred in connection with this appeal. We find no merit in MCC’s argument that FPINO’s appeal is frivolous, and deny its request for costs and attorney fees.
For the reasons stated above, we affirm the trial court’s June 4, 2014 trial court judgment granting summary judgment in favor of MCC and against FPINO and plaintiff, on the issue of insurance coverage, and dismissing all claims against MCC with prejudice.
AFFIRMED
BELSOME, J., concurs in part and dissents in part with reasons.

. See this opinion for a detailed procedural history of this case, including motions and rulings regarding parties who are not involved in the instant appeal.

. Plaintiff settled all of her claims against the State defendants (the State of Louisiana, LSED and SMG), and the State dismissed its third-party claims against Essence and FPI-NO.